ROBBINS GELLER RUDMAN
 & DOWD LLP
JONAH H. GOLDSTEIN (193777)
LAURIE L. LARGENT (153493)
REGIS C. WORLEY, JR. (234401)
AUSTIN P. BRANE (286227)
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
jonahg@rgrdlaw.com
llargent@rgrdlaw.com
rworley@rgrdlaw.com
abrane@rgrdlaw.com

Lead Counsel for Plaintiffs

[Additional counsel appear on signature page.]

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re BRIDGEPOINT EDUCATION, INC. SECURITIES LITIGATION | ) ) ) ) ) ) ) ) ) ) ) | No. 3:12-cv-01737-JM-JLB<br><br>CLASS ACTION<br><br>STIPULATION AND AGREEMENT OF SETTLEMENT |
| This Document Relates To:<br><br>    ALL ACTIONS. | | |

1072921_3

This Stipulation and Agreement of Settlement, dated October 30, 2015 (the "Stipulation" or the "Settlement Agreement"), submitted pursuant to Rule 23 of the Federal Rules of Civil Procedure and Rule 408 of the Federal Rules of Evidence, embodies a settlement (the "Settlement") made and entered into by and among the following Settling Parties: (i) Lead Plaintiffs City of Atlanta General Employees Pension Fund and Teamsters Local 677 Health Services & Insurance Plan, on behalf of themselves and each of the members of the Class, as defined in ¶¶1.3-1.4, *infra*, on the one hand, and (ii) Defendants Bridgepoint Education, Inc. ("Bridgepoint" or the "Company"), Andrew S. Clark, Daniel J. Devine, and Jane McAuliffe (collectively, "Defendants"), on the other hand, by and through their counsel of record in the above-captioned litigation pending in the United States District Court for the Southern District of California (the "Action"). This Stipulation is intended by the parties to fully, finally, and forever resolve, discharge, and settle the Released Claims, as defined in ¶1.24, *infra*, upon and subject to the terms and conditions hereof and subject to the approval of the Court. Throughout this Stipulation, all capitalized terms used, but not immediately defined, have the meanings given to them in Section IV.1, *infra*.

# I.     THE LITIGATION

This case is currently pending before the Honorable Jeffrey T. Miller in the United States District Court for the Southern District of California (the "Court") and was brought on behalf of a Class of all persons who purchased or acquired Bridgepoint common stock during the period from May 3, 2011, through and including July 13, 2012 (the "Class Period," as defined at ¶1.6 herein). The initial complaint was filed on July 13, 2012, alleging violations of §§10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act") and Rule 10b-5 promulgated thereunder. Dkt. No. 1. On October 22, 2012, the Court appointed Lead Plaintiffs and the firm of Robbins Geller Rudman & Dowd LLP as Lead Counsel. Dkt. No. 21.

1    On December 21, 2012, Lead Plaintiffs filed the Consolidated Complaint for

2    Violation of the Federal Securities Laws ("Complaint"), which alleged that during the

3    Class Period, Defendants made materially false and misleading statements during

4    Bridgepoint's Ashford University's ("Ashford") pursuit of accreditation with the

5    Western Association of Schools and Colleges ("WASC") regarding Ashford's

6    prospects for achieving WASC accreditation and certain facets of Ashford's

7    educational model and success of operations.  Dkt. No. 26.  Lead Plaintiffs also

8    alleged that Defendants made false and misleading financial projections and that the

9    Individual Defendants transacted in Bridgepoint stock in violation of §20A of the

10   Exchange Act.  *Id.*  Lead Plaintiffs further alleged that Defendants' materially false

11   and misleading statements artificially inflated the price of Bridgepoint common stock,

12   and when the truth was eventually disclosed, the Class suffered substantial damages.

13   *Id.*

14          On February 19, 2013, Defendants filed their motion to dismiss the Complaint,

15   arguing that Lead Plaintiffs alleged no particularized facts showing that any

16   challenged statement was false or misleading when it was made, that all of

17   Bridgepoint's forward-looking statements, and their factual assumptions, were

18   protected by the Safe Harbor provisions of the Private Securities Litigation Reform

19   Act of 1995 ("PSLRA"), and that the Complaint failed to plead specific facts

20   establishing a strong inference of scienter.  Dkt. No. 28.  Lead Plaintiffs opposed the

21   motion, countering each of Defendants' arguments and asserting that the Complaint

22   adequately alleged violations of §§10(b), 20(a), and 20A of the Exchange Act.  Dkt.

23   No. 30.

24          On September 13, 2013, the Court issued an Order granting in part and denying

25   in part Defendants' motion to dismiss.  Dkt. No. 39.  The Court denied Defendants'

26   motion to dismiss "with respect to Defendants' statements regarding Ashford's

27   student persistence."  *Id.* at 29.  The Court dismissed Lead Plaintiffs' §20A claims.

28

1  *Id.* at 45.  Defendants filed an answer on December 19, 2013, denying all material

2  allegations.  Dkt. No. 43.

3       Discovery commenced shortly thereafter.  On June 23, 2014, Lead Plaintiffs

4  filed a motion for class certification and appointment of class representatives and class

5  counsel.  Dkt. No. 59.  That same day, the parties filed a joint motion to continue the

6  schedule for class certification briefing in light of the Supreme Court's decision in

7  *Halliburton Co. v. Erica P. John Fund, Inc.*, __ U.S. __, 134 S. Ct. 2398 (2014).  Dkt.

8  No. 58.  On June 25, 2014, the Court granted the joint motion (Dkt. No. 60) and,

9  subsequently, Lead Plaintiffs filed an Amended Motion for Class Certification on

10  August 6, 2014 (Dkt. No. 70).  On January 15, 2015, the Court certified the Class as

11  "a class consisting of all persons who purchased Bridgepoint common stock between

12  May 3, 2011, and July 13, 2012, excluding Defendants, directors and officers of

13  Bridgepoint, and their families and affiliates," and appointed Lead Plaintiffs as Class

14  Representatives and Lead Counsel as Class Counsel.  Dkt. No. 77.

15       The parties have engaged in extensive discovery, including the production of

16  over two million pages of documents, the taking and defending of 21 party and non-

17  party depositions, the submission of four expert reports, and the taking of expert

18  depositions.  On August 31, 2015, Defendants filed a motion for summary judgment

19  and a motion to exclude the testimony of Lead Plaintiffs' expert.  Dkt. Nos. 86, 87.

20       During the Action, the Settling Parties engaged the services of Judge Layn R.

21  Phillips (Ret.), a nationally recognized mediator.  The parties engaged in a face-to-

22  face mediation session on March 31, 2015.  The parties were unable to settle the case.

23  On September 4, 2015, after additional discovery and the filing of Defendants'

24  motions for summary judgment, the parties again mediated with Judge Phillips and

25  were able to reach a settlement of the case.

26

27

28

## II.    CLAIMS OF LEAD PLAINTIFFS AND BENEFITS OF SETTLEMENT

Lead Plaintiffs believe that the claims asserted in the Action have merit. However, Lead Plaintiffs and Lead Counsel recognize and acknowledge the expense and length of continued proceedings necessary to prosecute the Action against the Defendants through trial.  Lead Plaintiffs and Lead Counsel also have taken into account the uncertain outcome and risks in connection with Defendants' motion for summary judgment and a jury trial, especially in complex matters such as this Action, as well as the risks posed by and the difficulties and delays relating to post-trial motions, and potential appeals of the Court's determination of said motions, or the verdict of a jury.  Lead Plaintiffs and Lead Counsel also are aware of the risks presented by the defenses to the securities law violations asserted in the Action.  Lead Plaintiffs and Lead Counsel believe that the Settlement set forth in this Stipulation confers substantial benefits upon the Class in light of the circumstances present here. Based on their evaluation, Lead Plaintiffs and Lead Counsel have determined that the Settlement set forth in this Stipulation is in the best interests of Lead Plaintiffs and the Class, and is fair, reasonable, and adequate.

## III.   DEFENDANTS' DENIALS OF WRONGDOING AND LIABILITY

Defendants, individually and collectively, have denied and continue to deny that they have violated the federal securities laws and maintain that their conduct was at all times proper and in compliance with all applicable provisions of law.  Defendants have denied and continue to deny specifically each and all of the claims and contentions of wrongful conduct alleged in the Action, along with all charges of wrongdoing or liability against them arising out of any of the conduct, statements, acts or omissions alleged, or that could have been alleged, in the Action.  Defendants also have denied and continue to deny, *inter alia*, the allegations that they knowingly or otherwise, made any material misstatements or omissions; that any member of the

1  Class has suffered any damages; that the price of Bridgepoint common stock was

2  artificially inflated by reason of the alleged misrepresentations, omissions, or

3  otherwise; or that the members of the Class were harmed by the conduct alleged in the

4  Action or that could have been alleged as part of the Action.  In addition, the

5  Defendants maintain that they have meritorious defenses to all claims alleged in the

6  Action.

7  Nonetheless, taking into account the uncertainty, risks, costs, and burdens

8  inherent in any litigation, especially in complex cases such as this Action, Defendants

9  have concluded that further conduct of the Action would be protracted and expensive.

10  Defendants have, therefore, determined that it is desirable and beneficial to them that

11  the Action be settled in the manner and upon the terms and conditions set forth in this

12  Stipulation.  As set forth in ¶¶9.2 and 9.4 below, this Stipulation shall in no event be

13  construed as or deemed to be evidence of an admission or concession by Defendants

14  or any of the Released Persons with respect to any claim of any fault or liability or

15  wrongdoing or damage whatsoever, or any infirmity in the defenses that Defendants

16  have asserted.

17  **IV.   TERMS OF STIPULATION AND AGREEMENT OF SETTLEMENT**

18

19  NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and

20  among Lead Plaintiffs (for themselves and the members of the Class), on the one

21  hand, and Defendants, on the other hand, by and through their respective counsel of

22  record, that, subject to the approval of the Court, pursuant to Rule 23(e) of the Federal

23  Rules of Civil Procedure, in consideration of the benefits flowing to the parties from

24  the Settlement set forth herein, the Released Claims shall be finally and fully

25  compromised, settled, and released, and the Action shall be dismissed with prejudice,

26  as to all Settling Parties, upon and subject to the terms and conditions of the

27  Stipulation, as follows:

28

## 1.    Definitions

As used in this Stipulation the following terms have the meanings specified below:

1.1    "Authorized Claimant" means any member of the Class who submits a timely and valid Proof of Claim and Release form and whose claim for recovery has been allowed pursuant to the terms of the Stipulation.

1.2    "Claims Administrator" means the firm of Gilardi & Co. LLC.

1.3    "Class" means all Persons who purchased Bridgepoint common stock between May 3, 2011 and July 13, 2012, inclusive, excluding Defendants, directors and officers of Bridgepoint, and their families and affiliates.  Also excluded are those Persons who timely and validly request exclusion from the Class pursuant to the Notice.

1.4    "Class Member" means a Person who falls within the definition of the Class as set forth in ¶1.3 above.

1.5    "Class Notice and Administration Expenses" means the fees and expenses reasonably and actually incurred in connection with providing notice, locating Class Members, assisting with the filing of claims, administering and distributing the Net Settlement Fund to Authorized Claimants, processing Proof of Claim and Release forms, and paying escrow fees and costs, if any.

1.6    "Class Period" means the period from May 3, 2011, through and including July 13, 2012.

1.7    "Court" means the United States District Court for the Southern District of California.

1.8    "Effective Date" means the first date by which all of the events and conditions specified in ¶8.1 of the Stipulation have been met and have occurred.

1.9   "Escrow Account" means the  account controlled by the Escrow Agent into which the sum of $15,500,000.00 shall be deposited by or on behalf of Defendants as described in ¶3.1 below.

1.10   "Escrow Agent" means Robbins Geller Rudman & Dowd LLP or its successor(s).

1.11   "Fee and Expense Award" is defined in ¶7.1 below.

1.12   "Final" means when the last of the following with respect to the Judgment approving the Settlement, in the form of Exhibit B attached hereto, shall occur: (i) the expiration of the time to file a motion to alter or amend the Judgment under Federal Rule of Civil Procedure 59(e) has passed without any such motion having been filed; (ii) the expiration of the time in which to appeal the Judgment has passed without any appeal having been taken, which date shall be deemed to be thirty (30) days following the entry of the Judgment, unless the date to take such an appeal shall have been extended by Court order or otherwise, or unless the 30th day falls on a weekend or a Court holiday, in which case the date for purposes of this Stipulation shall be deemed to be the next business day after such 30th day; and (iii) if a motion to alter or amend is filed under Federal Rule of Civil Procedure 59(e) or if an appeal is taken, immediately after the determination of that motion or appeal so that it is no longer subject to any further judicial review or appeal whatsoever, whether by reason of affirmance by a court of last resort, lapse of time, voluntary dismissal of the appeal or otherwise, and in such a manner as to permit the consummation of the Settlement substantially in accordance with the terms and conditions of this Stipulation.  For purposes of this paragraph, an "appeal" shall include any petition for a writ of certiorari or other writ that may be filed in connection with approval or disapproval of this Settlement, but shall not include any appeal that concerns only the issue of attorneys' fees and expenses or any Plan of Allocation of the Settlement Fund.

1.13   "Individual Defendants" means Andrew S. Clark, Jane McAuliffe, and Daniel J. Devine.

1.14   "Judgment" means the judgment and order of dismissal with prejudice to be rendered by the Court upon approval of the Settlement, substantially in the form attached hereto as Exhibit B, or such other substantially similar form agreed to by the Settling Parties.

1.15   "Lead Counsel" means Robbins Geller Rudman & Dowd LLP.

1.16   "Lead Plaintiffs" means City of Atlanta General Employees Pension Fund and Teamsters Local 677 Health Services & Insurance Plan.

1.17   "Net Settlement Fund" means the Settlement Fund less: (i) the amount of the Fee and Expense Award and any award to Lead Plaintiffs as allowed under the PSLRA, if and to the extent allowed by the Court; (ii) Class Notice and Administration Expenses; (iii) Taxes and Tax Expenses; and (iv) any other fees or expenses approved by the Court.

1.18   "Notice" means the Notice of Pendency and Proposed Settlement of Class Action to be sent to Class Members, which, subject to approval of the Court, shall be substantially in the form attached hereto as Exhibit A-1.

1.19   "Notice Order" is defined in ¶4.1 below.

1.20   "Person" means a natural person, individual, corporation, partnership, limited partnership, association, joint stock company, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any business or legal entity and his, her or its spouses, heirs, predecessors, successors, representatives, or assignees.

1.21   "Plaintiffs' Counsel" means Lead Counsel and any counsel who appeared on behalf of the Lead Plaintiffs in the Action.

1.22   "Plan of Allocation" means a plan or formula of allocation of the Net Settlement Fund whereby the Net Settlement Fund shall be distributed to Authorized Claimants.  Any Plan of Allocation is not part of the Stipulation and the Released Persons shall have no responsibility or liability with respect to the Plan of Allocation.

1.23  "Related Persons" means each of a Defendant's past or present directors, officers, employees, partners, insurers, co-insurers, reinsurers, principals, controlling shareholders, attorneys, accountants, auditors, investment advisors, personal or legal representatives, predecessors, successors, parents, subsidiaries, divisions, joint ventures, assigns, spouses, heirs, estates, related or affiliated entities, any entity in which a Defendant has a controlling interest, any members of an Individual Defendant's immediate family, any trust of which an Individual Defendant is the settlor or which is for the benefit of an Individual Defendant and/or any member of an Individual Defendant's immediate family, and any entity in which a Defendant and/or any member of an Individual Defendant's immediate family has or have a controlling interest (directly or indirectly).

1.24  "Released Claims" means any and all claims, demands, rights, causes of action or liabilities of every nature and description whatsoever (including, but not limited to, any claims for damages, interest, attorneys' fees, expert or consulting fees, and any other costs, expenses or liabilities whatsoever), whether based on federal, state, local, foreign, statutory or common law or any other law, rule, ordinance, administrative provision or regulation, including Unknown Claims as defined in ¶1.31 hereof, whether class or individual in nature, whether fixed or contingent, accrued or unaccrued, liquidated or unliquidated, at law or in equity, matured or unmatured, concealed or hidden, suspected or unsuspected, which now exist or heretofore have existed, that were asserted or could have been asserted by Lead Plaintiffs or any Class Member against the Released Persons based on, arising from or relating to both: (i) the purchase of Bridgepoint common stock during the Class Period; and (ii) the allegations, transactions, facts, matters, events, disclosures, registration statements, public filings, acts, occurrences, representations, statements, omissions or failures to act that occurred during the Class Period and that were or could have been alleged by Lead Plaintiffs in the Action against the Released Persons.  Released Claims does not include claims to enforce the Settlement or any derivative actions.

1    1.25   "Released Persons" means each and all of the Defendants and each and

2 all of their Related Persons.

3    1.26   "Settlement Amount" means Fifteen Million Five Hundred Thousand

4 U.S. Dollars ($15,500,000.00) in cash.

5    1.27   "Settlement Fund" means the Settlement Amount, together with all

6 interest and income earned thereon after being transferred to the Escrow Account.

7    1.28   "Settlement Hearing" is defined in ¶4.3 below.

8    1.29   "Settling Parties" means, collectively, Lead Plaintiffs on behalf of

9 themselves and the Class Members, and Defendants.

10    1.30   "Summary Notice" means the Summary Notice, which, subject to approval

11 of the Court, shall be substantially in the form attached hereto as Exhibit A-3.

12    1.31   "Unknown Claims" means collectively any Released Claims which Lead

13 Plaintiffs or any Class Member do not know or suspect to exist in his, her or its favor

14 at the time of the release of the Released Persons which, if known by him, her or it,

15 might have affected his, her or its settlement with and release of the Released Persons,

16 or might have affected his, her or its decision not to object to this Settlement or seek

17 exclusion from the Class.  With respect to any and all Released Claims, the Settling

18 Parties stipulate and agree that, upon the Effective Date, Lead Plaintiffs shall

19 expressly waive and each of the Class Members shall be deemed to have, and by

20 operation of the Judgment shall have, expressly waived the provisions, rights, and

21 benefits of California Civil Code §1542, which provides:

22    **A general release does not extend to claims which the creditor**
**does not know or suspect to exist in his or her favor at the time of**
23    **executing the release, which if known by him or her must have**
**materially affected his or her settlement with the debtor**.

24

25 Lead Plaintiffs shall expressly waive and each of the Class Members shall be deemed

26 to have, and by operation of the Judgment shall have, expressly waived any and all

27 provisions, rights, and benefits conferred by any law of any state or territory of the

28 United States or any foreign country, or any principle of common law, which is

similar, comparable or equivalent in substance to California Civil Code §1542. Lead Plaintiffs and Class Members may hereafter discover facts in addition to or different from those which he, she or it now knows or believes to be true with respect to the subject matter of the Released Claims, but upon the Effective Date, each Class Member, and Lead Plaintiffs expressly, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever settled and released any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts. Lead Plaintiffs acknowledge, and the Class Members shall be deemed by operation of the Judgment to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement of which this release is a part.

## 2.   CAFA Notice

2.1   Pursuant to the Class Action Fairness Act ("CAFA"), no later than ten (10) calendar days after the Settlement Agreement is filed with the Court, Defendants, at their own cost, shall serve proper notice of the proposed Settlement upon those who are entitled to such notice pursuant to CAFA.

## 3.   The Settlement

### a.   The Settlement Fund

3.1   Defendants shall pay or shall cause their insurance carriers to pay $15,500,000.00 (Settlement Amount) cash into the Escrow Account controlled by Robbins Geller Rudman & Dowd LLP (Escrow Agent), within thirty (30) days from the later of: (a) entry of the Court's order preliminarily approving the Settlement; or (b) the date on which the Escrow Agent provides to Defendants: (i) specific bank

identification and wiring information (including the physical address of the bank) necessary to wire the Settlement Amount to the Escrow Account, (ii) instructions for the payee and address to which a physical check can be mailed, and (iii) a completed and signed Form W-9 reflecting the tax identification number of the payee.

3.2     Lead Plaintiffs shall have the right, but not the obligation, to terminate the Settlement twenty (20) calendar days after the failure of Defendants to timely pay the Settlement Amount in accordance with ¶3.1 above.

3.3     The payment described in ¶3.1 above is the only payment to be made by or on behalf of Defendants in connection with this Settlement.

**b.     The Escrow Agent**

3.4     The Escrow Agent shall invest the Settlement Amount deposited pursuant to ¶3.1 hereof in instruments backed by the full faith and credit of the United States Government or fully insured by the United States Government or an agency thereof and shall reinvest the proceeds of these instruments as they mature in similar instruments at their then-current market rates.   All costs and risks related to the investment of the Settlement Fund in accordance with the guidelines set forth in this paragraph shall be borne by the Settlement Fund.

3.5     The Escrow Agent shall not disburse the Settlement Fund except: (a) as provided in the Stipulation; (b) by an order of the Court; or (c) with the written agreement of counsel for the Settling Parties.

3.6     Subject to further order(s) and/or directions as may be made by the Court, or as provided in the Stipulation, the Escrow Agent is authorized to execute such transactions as are consistent with the terms of the Stipulation.  The Released Persons shall have no responsibility for, interest in, or liability whatsoever with respect to, the actions of the Escrow Agent, or any transaction executed by the Escrow Agent.

3.7     All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court,

1    until such time as such funds shall be distributed pursuant to the Stipulation and/or

2    further order(s) of the Court.

3        3.8    Prior to the Effective Date, Lead Counsel, without further approval of

4    Defendants or the Court, may pay from the Settlement Fund up to $300,000.00 in

5    Class Notice and Administration Expenses associated with providing notice to the

6    Class and the administration of the Settlement.  Prior to the Effective Date, payment

7    of any Class Notice and Administration Expenses exceeding $300,000.00 shall require

8    notice to, and agreement from, the Defendants, through Defendants' counsel, which

9    agreement shall not be unreasonably refused.  Subsequent to the Effective Date,

10   without further approval by Defendants or the Court, the Settlement Fund may be used

11   by Lead Counsel to pay all reasonable and necessary Class Notice and Administration

12   Expenses.

13       **c.    Taxes**

14       **Qualified Settlement Fund**

15       3.9    (a)    The Settling Parties agree to treat the Settlement Fund as being at

16   all times a "Qualified Settlement Fund" within the meaning of Treasury Regulation

17   §1.468B-1.   In addition, the Escrow Agent shall timely make such elections as

18   necessary or advisable to carry out the provisions of this ¶3.9, including the "relation-

19   back election" (as defined in Treasury Regulation §1.468B-1) back to the earliest

20   permitted date.  Such elections shall be made in compliance with the procedures and

21   requirements contained in such regulations.  It shall be the responsibility of the

22   Escrow Agent to timely and properly prepare and deliver, or cause to be prepared and

23   delivered, the necessary documentation for signature by all necessary parties, and

24   thereafter to cause the appropriate filing to occur.

25       (b)    For the purpose of §468B of the Internal Revenue Code of 1986, as

26   amended, and the regulations promulgated thereunder, the "administrator" shall be the

27   Escrow Agent.  The Escrow Agent shall timely and properly file, or cause to be filed,

28

1  all informational and other tax returns necessary or advisable with respect to the
2  Settlement Fund (including, without limitation, the returns described in Treasury
3  Regulation §1.468B-2(k)).  Such returns (as well as the election described in ¶3.9(a)
4  hereof) shall be consistent with this ¶3.9 and in all events shall reflect that all Taxes
5  (including any estimated Taxes, interest, or penalties) on the income earned on the
6  Settlement Amount shall be paid out of the Settlement Fund as provided in ¶3.9(c)
7  hereof.

8         (c)    All (a) Taxes (including any estimated Taxes, interest, or penalties)
9  arising with respect to the income earned on the Settlement Amount, including any
10  Taxes or tax detriments that may be imposed upon the Released Persons or their
11  counsel with respect to any income earned on the Settlement Amount for any period
12  during which the Settlement Amount does not qualify as a "Qualified Settlement
13  Fund" for federal or state income tax purposes ("Taxes"), and (b) expenses and costs
14  incurred in connection with the operation and implementation of this ¶3.9 (including,
15  without limitation, expenses of tax attorneys and/or accountants and mailing and
16  distribution costs and expenses relating to filing (or failing to file) the returns
17  described in this ¶3.9) ("Tax Expenses"), shall be paid out of the Settlement Amount;
18  in all events the Released Persons and their counsel shall have no liability or
19  responsibility for the Taxes or the Tax Expenses.  The Escrow Agent shall indemnify
20  and hold each of the Released Persons and their counsel harmless for Taxes and Tax
21  Expenses (including, without limitation, Taxes payable by reason of any such
22  indemnification).  Further, Taxes and Tax Expenses shall be treated as, and considered
23  to be, a cost of administration of the Settlement Fund and shall be timely paid by the
24  Escrow Agent out of the Escrow Account without prior order from the Court or
25  approval of Defendants, and the Escrow Agent shall be obligated (notwithstanding
26  anything herein to the contrary) to withhold from distribution to Authorized Claimants
27  any funds necessary to pay such amounts, including the establishment of adequate
28  reserves for any Taxes and Tax Expenses (as well as any amounts that may be

required to be withheld under Treasury Regulation §1.468B-2(l)(2)); neither the Released Persons nor their counsel are responsible nor shall they have any liability therefor.  The Settling Parties hereto agree to cooperate with the Escrow Agent, each other, and their tax attorneys and accountants to the extent reasonably necessary to carry out the provisions of this ¶3.9.

(d)     Except as required by ¶3.1 concerning payment of the Settlement Amount, neither Defendants nor their Related Persons are responsible for Taxes, Tax Expenses, Class Notice and Administration Expenses, nor shall they be liable for any claims with respect thereto.

**d.      Termination of Settlement**

3.10   In the event the Settlement: (i) is not approved; (ii) is terminated, canceled, or fails to become effective for any reason, including, without limitation, in the event the Judgment is reversed or vacated following any appeal taken therefrom; or (iii) is successfully collaterally attacked, the Settlement Fund (including accrued interest) less expenses actually incurred or due and owing for Class Notice and Administration Expenses, Taxes or Tax Expenses pursuant to ¶¶3.8 or 3.9 shall be refunded to such Persons that paid the Settlement Amount pursuant to written instructions from Defendants' counsel.

**4.      Notice Order and Settlement Hearing**

4.1     Promptly after execution of the Stipulation, Lead Counsel shall submit the Stipulation together with its exhibits (the "Exhibits") to the Court and shall apply for entry of an order (the "Notice Order"), in the form of Exhibit A attached hereto, requesting, *inter alia*, the preliminary approval of the Settlement set forth in the Stipulation and approval of the mailing of the Notice and publication of the Summary Notice, in the forms of Exhibits A-1 and A-3 attached hereto.  The Notice shall include the general terms of the Settlement set forth in the Stipulation, the proposed

1  Plan of Allocation, the general terms of the application for the Fee and Expense

2  Award, and the date of the Settlement Hearing (defined in ¶4.3 below).

3       4.2      It shall be the Claims Administrator's responsibility, under supervision of

4  Lead Counsel, to disseminate the Notice and Summary Notice to the Class in

5  accordance with this Stipulation and as ordered by the Court.  Class Members shall

6  have no recourse as to the Released Persons with respect to any claims they may have

7  that arise from any failure of the notice process.

8       4.3      Lead Counsel shall request that after notice is given to the Class, the

9  Court hold a hearing (the "Settlement Hearing") and approve the Settlement of the

10  Action as set forth herein.  At or after the Settlement Hearing, Lead Counsel also shall

11  request that the Court approve the proposed Plan of Allocation and the Fee and

12  Expense Award.

13      **5.      Releases**

14      5.1      Upon the Effective Date, Lead Plaintiffs and each of the Class Members

15  shall be deemed to have, and by operation of the Judgment shall have, fully, finally,

16  and forever released, relinquished, and discharged against the Released Persons

17  (whether or not such Class Member executes and delivers a Proof of Claim and

18  Release form) any and all Released Claims (including, without limitation, Unknown

19  Claims).  Claims to enforce the terms of this Stipulation are not released.  The Settling

20  Parties acknowledge, and the Class Members shall be deemed by operation of law to

21  acknowledge, that the waiver of Unknown Claims, and of the provisions, rights and

22  benefits of §1542 of the California Civil Code, was bargained for and is a key element

23  of the Settlement of which the release in this paragraph is a part.

24      5.2      Upon the Effective Date, Lead Plaintiffs and each of the Class Members

25  and anyone claiming through or on behalf of them, shall be permanently barred and

26  enjoined from the commencement, assertion, institution, maintenance, prosecution, or

27  enforcement against any Released Person of any action or other proceeding in any

28

court of law or equity, arbitration tribunal, administrative forum, or forum of any kind, asserting any of the Released Claims.

5.3     The Proof of Claim and Release to be executed by Class Members shall release all Released Claims against the Released Persons and shall be substantially in the form contained in Exhibit A-2 attached hereto.

5.4     Upon the Effective Date, each of the Released Persons shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged Lead Plaintiffs, each and all of the Class Members, and Plaintiffs' Counsel from all claims (including, without limitation, Unknown Claims) arising out of, relating to, or in connection with, the institution, prosecution, assertion, settlement, or resolution of the Action or the Released Claims, except for claims relating to the enforcement of the Settlement.

**6.     Administration and Calculation of Claims, Final Awards, and Supervision and Distribution of the Settlement Fund**

6.1     The Claims Administrator, subject to such supervision and direction of the Court or Lead Counsel as may be necessary or as circumstances may require, shall provide notice of the Settlement to the Class, shall administer and calculate the claims submitted by Class Members, and shall oversee distribution of the Net Settlement Fund to Authorized Claimants.

6.2     Within seven (7) calendar days after execution of this Stipulation, Bridgepoint shall provide or cause to be provided to the Claims Administrator with a list of names and addresses of record holders of Bridgepoint common stock during the Class Period on the transfer agent's books.  This information shall be provided in an electronic format acceptable to the Claims Administrator.  Bridgepoint shall be responsible for any costs or expenses related to providing this information.

6.3     In accordance with the schedule set forth in the Notice Order, Lead Counsel will cause the Claims Administrator to mail to all shareholders of record, identified on the list provided by Bridgepoint to the Claims Administrator, the Notice,

substantially in the form of Exhibit A-1 attached hereto, and a Proof of Claim and Release, substantially in the form of Exhibit A-2 attached hereto.  The Notice shall set forth the terms of the Stipulation, including the proposed Plan of Allocation and Lead Counsel's request for attorneys' fees, costs and expenses; the date and time of the Settlement Hearing; the right to object to the Settlement, proposed Plan of Allocation, or request for fees and expenses; the right to appear at the Settlement Hearing; and the right to request exclusion from the Class.  The Notice and Proof of Claim and Release form shall also be posted on the Claims Administrator's website.  In accordance with the schedule set forth in the Notice Order, the Summary Notice, substantially in the form of Exhibit A-3 attached hereto, will also be published once in the national edition of *Investor's Business Daily* and once over a national newswire service.  The cost of providing such notice shall be paid out of the Settlement Fund.

6.4     The Settlement Fund shall be applied as follows:

(a)     to pay all Class Notice and Administration Expenses;

(b)     to pay the Taxes and Tax Expenses described in ¶3.9 hereof;

(c)     to pay the Fee and Expense Award;

(d)     to pay any award to Lead Plaintiffs as allowed under the PSLRA, subject to the approval of the Court; and

(e)     after the Effective Date, to distribute the Net Settlement Fund to Authorized Claimants as allowed by the Stipulation, the Plan of Allocation, or the Court.

6.5     Upon the Effective Date and thereafter, and in accordance with the terms of the Stipulation, the Plan of Allocation, or such further approval and further order(s) of the Court as may be necessary or as circumstances may require, the Net Settlement Fund shall be distributed to Authorized Claimants, subject to and in accordance with the following.

6.6     Each Person claiming to be an Authorized Claimant shall be required to submit to the Claims Administrator a completed Proof of Claim and Release,

1   substantially in the form of Exhibit A-2 attached hereto, postmarked or submitted

2   electronically by no later than 120 calendar days after the Notice Date (as defined in

3   Exhibit A attached hereto), or such other time as may be set by the Court (the "Bar

4   Date"), signed under penalty of perjury and supported by such documents as are

5   specified in the Proof of Claim and Release and as are reasonably available to  such

6   Person.

7         6.7   Except as otherwise ordered by the Court, all Class Members who fail to

8   submit a Proof of Claim and Release by the Bar Date, or such other period as may be

9   ordered by the Court, or who submit a Proof of Claim and Release that is rejected,

10   shall be forever barred from receiving any payments pursuant to the Stipulation and

11   the Settlement set forth herein, but will in all other respects be subject to and bound by

12   the provisions of the Stipulation, the releases contained herein, and the Judgment.

13   Notwithstanding the foregoing, Lead Counsel shall have the discretion (but not the

14   obligation) to accept late-submitted claims for processing by the Claims

15   Administrator, so long as the distribution of the Net Settlement Fund to Authorized

16   Claimants is not materially delayed thereby.  No person shall have any claim against

17   Lead Plaintiffs, Lead Counsel or the Claims Administrator by reason of the decision to

18   exercise or not exercise such discretion.

19         6.8   The Claims Administrator shall calculate the claims of Authorized

20   Claimants substantially in accordance with the Plan of Allocation set forth in the

21   Notice and approved by the Court.  Following the Effective Date, the Claims

22   Administrator shall send to each Authorized Claimant his, her, or its *pro rata* share of

23   the Net Settlement Fund.

24         6.9   Other than in the event of the termination of the Settlement pursuant to

25   ¶3.10, Defendants shall not have a reversionary interest in the Net Settlement Fund.  If

26   there is any balance remaining in the Net Settlement Fund after a reasonable period of

27   time after the initial date of distribution of the Net Settlement Fund, Lead Counsel

28   shall, if feasible, allocate such balance among Authorized Claimants in an equitable

and economic fashion.   These redistributions shall be repeated until the balance remaining in the Net Settlement Fund is *de minimis* and such remaining balance shall then be donated to the Legal Aid Society of San Diego.

6.10   The Released Persons shall have no responsibility for, interest in, or liability whatsoever with respect to the distribution of the Net Settlement Fund, the Plan of Allocation, the determination, administration, or calculation of claims, the payment or withholding of Taxes, or any losses incurred in connection therewith.

6.11   Defendants shall take no position with respect to the Plan of Allocation or any other such plan as may be approved by the Court.

6.12   It is understood and agreed by the Settling Parties that any proposed Plan of Allocation of the Net Settlement Fund, including, but not limited to, any adjustments to an Authorized Claimant's claim set forth therein, is not a part of the Stipulation and is to be considered by the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy of the Settlement set forth in the Stipulation, and any order or proceeding relating to the Plan of Allocation shall not operate to terminate or cancel the Stipulation or affect the finality of the Court's Judgment approving the Stipulation and the Settlement set forth therein, or any other orders entered pursuant to the Stipulation.  Class Members and Defendants shall be bound by the terms of this Stipulation, irrespective of whether the Court disapproves or modifies the Plan of Allocation.

6.13   No Person shall have any claim against Lead Plaintiffs, Plaintiffs' Counsel, Released Persons, Defendants' counsel, or the Claims Administrator based on distributions made substantially in accordance with the Stipulation and the Settlement contained herein, the Plan of Allocation, or otherwise as further ordered by the Court.  This does not include any claim by any party for breach of this Stipulation.

**7.      Plaintiffs' Counsel's Attorneys' Fees, Costs, Charges and Expenses**

7.1      Lead Counsel may submit an application or applications (the "Fee and Expense Application") for distributions to them from the Settlement Fund for:  (a) an award of attorneys' fees; plus (b) expenses or charges in connection with prosecuting the Action; plus (c) interest on both amounts as earned by the Settlement Fund (until paid) as may be awarded by the Court.  Any and all such fees, expenses, charges, and costs awarded by the Court (the "Fee and Expense Award") shall be payable solely out of the Settlement Fund.  Lead Plaintiffs may submit an application for an award of their time and expense in representing the Class as allowed under the PSLRA.  Any amounts awarded to Lead Plaintiffs shall be paid from the Settlement Fund.

7.2      The Fee and Expense Award shall be paid to Lead Counsel from the Settlement Fund, as ordered, immediately following entry of an order by the Court granting such award.  Lead Counsel shall thereafter allocate the attorneys' fees amongst Plaintiffs' Counsel in a manner that they in good faith believe reflects the contributions of such counsel to the prosecution and settlement of the Action.  In the event that the Effective Date does not occur, or the order making  the Fee and Expense Award pursuant to ¶7.1 is reversed or modified by final non-appealable order, or if this Stipulation is cancelled or terminated for any reason, and in the event any part of the Fee and Expense Award has been paid, then Plaintiffs' Counsel shall, in an amount consistent with such reversal, modification, cancellation or termination, refund such fees or expenses  to the Settlement Fund, plus interest earned thereon at the same rate as earned on the Settlement Fund, within thirty (30) days from receiving notice from Defendants' counsel or from a court of competent jurisdiction.  Any refunds required pursuant to this paragraph shall be the several obligation of each Plaintiffs' Counsel receiving fees or expenses to make appropriate refunds or repayments to the Settlement Fund.  Each Plaintiffs' Counsel, as a condition of receiving such fees and/or expenses on behalf of itself and each partner and/or

shareholder of it, agrees that its law firm and its partners and/or shareholders are subject to the jurisdiction of the Court for the purpose of enforcing the provisions of this paragraph.

7.3     The procedure for and the allowance or disallowance by the Court of the Fee and Expense Award, or the expenses of the Lead Plaintiffs, to be paid out of the Settlement Fund, are not part of the Settlement, and any order or proceeding relating to the Fee and Expense Application, or an award of Lead Plaintiffs' expenses, or any appeal from any order relating thereto or reversal or modification thereof, shall not operate to terminate or cancel the Settlement, or affect or delay the finality of the Judgment approving the Stipulation and the Settlement of the Action (including the releases contained herein).

7.4     Neither the Released Persons nor Defendants' insurers shall have any responsibility for or liability with respect to the payment of any Fee and Expense Award to any Plaintiffs' Counsel, or with respect to the allocation among Plaintiffs' Counsel and/or any other Person who may assert some claim thereto, of any Fee and Expense Award that the Court may make in the Action.

**8.     Conditions of Settlement, Effect of Disapproval, Cancellation, or Termination**

8.1     The Effective Date of the Stipulation shall be conditioned on the occurrence of all of the following events:

(a)     execution of this Stipulation and such other documents as may be required to obtain final Court approval of the Stipulation in a form satisfactory to the Settling Parties;

(b)     the Settlement Amount has been deposited into the Escrow Account as provided by ¶3.1 hereof;

(c)     Defendants have not exercised their option to terminate the Stipulation pursuant to ¶8.3 hereof;

(d)     the Court has entered the Notice Order, as required by ¶4.1 hereof;

(e)     the Court has entered the Judgment that, *inter alia*, dismisses with prejudice the Action, as to the Settling Parties, as set forth above; and

(f)     the Judgment has become Final, as defined in ¶1.12 hereof.

8.2     This is not a claims-made settlement.   As of the Effective Date, Defendants, their insurance carriers, and/or any other such persons or entities funding the Settlement on the Defendants' behalf, shall not have any right to the return of the Settlement Fund or any portion thereof for any reason.  Upon the occurrence of all of the events referenced in ¶8.1 hereof, any and all remaining interest or right of Defendants, if any, in or to the Settlement Fund shall be absolutely and forever extinguished.  If all of the conditions specified in ¶8.1 hereof are not met, then the Stipulation shall be canceled and terminated subject to ¶8.4 hereof unless Lead Counsel and counsel for Defendants mutually agree in writing to proceed with the Settlement.

8.3     If, prior to the Settlement Hearing, Persons who otherwise would be members of the Class have timely requested exclusion from the Class in accordance with the provisions of the Notice Order and the Notice given pursuant thereto, and such Persons in the aggregate purchased a number of shares of Bridgepoint common stock during the Class Period in an amount greater than the sum specified (the "Opt-Out Threshold") in a separate Supplemental Agreement Regarding Requests for Exclusion ("Supplemental Agreement") executed between Lead Plaintiffs and Defendants, Defendants shall have the option (which option must be exercised unanimously) to terminate this Stipulation and Settlement in accordance with the procedures set forth in the Supplemental Agreement. The Supplemental Agreement is incorporated by reference into this Stipulation. The Supplemental Agreement will not be filed with the Court unless and until a dispute between Lead Plaintiffs and Defendants concerning its interpretation or application arises. The Opt-Out Threshold may be disclosed to the Court for purposes of approval of the Settlement, as may be required by the Court, but such disclosure shall be carried out to the fullest extent

1  possible in accordance with the practices of the Court so as to maintain the Opt-Out

2  Threshold as confidential.  Copies of all requests for exclusion received, together with

3  copies of all written revocations of requests for exclusion, shall be promptly delivered

4  to Defendants' counsel by Lead Counsel.

5      8.4    Unless otherwise ordered by the Court, in the event the Stipulation shall

6  terminate, or be canceled, or shall not become effective for any reason, within five (5)

7  business days after written notification of such event is sent by counsel for Defendants

8  or Lead Counsel to the Escrow Agent, the Settlement Fund, less Class Notice and

9  Administration Expenses, Taxes, and Tax Expenses reasonably and actually incurred

10  pursuant to ¶¶3.8 or 3.9 hereof, shall be refunded pursuant to written instructions from

11  Defendants' counsel.  At the request of counsel for Defendants, the Escrow Agent or

12  its designee shall apply for any tax refund owed on the Settlement Fund and pay the

13  proceeds, after deduction of any expenses incurred in connection with such

14  application(s) for refund, at the written direction of Defendants' counsel.

15      8.5    In the event that the Stipulation is not approved by the Court or the

16  Settlement set forth in the Stipulation is terminated or fails to become effective in

17  accordance with its terms, the Settling Parties shall not forfeit or waive any factual or

18  legal defense or contention in the Action and shall be restored to their respective

19  positions in the Action as of September 3, 2015.  In such event, the terms and

20  provisions of the Stipulation, with the exception of ¶¶1.1-1.31, 3.8-3.10, 7.2, 8.4-8.5,

21  9.2, 9.4, and 9.5 hereof, shall have no further force and effect with respect to the

22  Settling Parties and shall not be used in this Action or in any other proceeding for any

23  purpose, and any judgment or order entered by the Court in accordance with the terms

24  of the Stipulation shall be treated as vacated, *nunc pro tunc*, and the Settling Parties

25  shall be deemed to return to their status as of September 3, 2015, and shall be required

26  to present an amended pre-trial schedule to the Court.  No order of the Court or

27  modification or reversal on appeal of any such order of the Court concerning the Plan

28  of Allocation or the amount of any attorneys' fees, costs, and expenses, and interest

awarded by the Court to Lead Counsel shall constitute grounds for cancellation or termination of the Stipulation.

**9.    Miscellaneous Provisions**

9.1    The Settling Parties: (a) acknowledge that it is their intent to consummate this Settlement; and (b) agree to cooperate to the extent reasonably necessary to effectuate and implement all terms and conditions of the Stipulation and to exercise their best efforts to accomplish the foregoing terms and conditions of the Stipulation expeditiously.

9.2    The Settling Parties intend this Settlement to be a final and complete resolution of all disputes between them with respect to the Action.  The Settlement and all negotiations, discussions, and proceedings leading up to and in connection herewith shall not be deemed to constitute a presumption, concession, or an admission by any Settling Party or any of the Released Persons of any fault, liability, or wrongdoing by it, or as to the merits of any claim or defense.

9.3    The Settling Parties and their counsel agree that they shall not assert any claims of any violation of Rule 11 of the Federal Rules of Civil Procedure relating to the prosecution, defense or settlement of the Action, and the Judgment shall contain a finding that all Settling Parties and their counsel complied with the requirements of Rule 11 with respect to the institution, prosecution, defense, and resolution of the Action.  The Settling Parties agree that the Settlement Amount and the other terms of the Settlement were negotiated in good faith at arm's length by the Settling Parties and reflect a settlement that was reached voluntarily after consultation with competent legal counsel.

9.4    Neither the Stipulation nor the Settlement contained herein, nor any negotiations, discussions, proceedings or act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement: (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any

Released Claim, or of any wrongdoing or liability of Defendants; or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of Defendants in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal.  The Released Persons, Lead Plaintiffs, Class Members, and Plaintiffs' Counsel may file the Stipulation and/or the Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim, or in connection with any proceeding to enforce the terms of this Stipulation.

9.5    All agreements made and orders entered during the course of the Action relating to the confidentiality of documents and information shall survive this Stipulation, pursuant to its terms.

9.6    All of the Exhibits to the Stipulation are material and integral parts hereof and are fully incorporated herein by this reference.

9.7    This Stipulation shall not be construed more strictly against one party than another merely by virtue of the fact that it, or any part of it, may have been prepared by counsel for one of the parties, it being recognized that it is the result of arm's-length negotiations between the parties and that all parties have contributed substantially and materially to the preparation of this Stipulation.

9.8    The Stipulation may be amended or modified only by a written instrument signed by or on behalf of all Settling Parties or their respective successors-in-interest.

9.9    No waiver of any term or provision of this Settlement Agreement, or of any breach or default hereof or hereunder, shall be valid or effective unless in writing and signed by or on behalf of all Settling Parties or their respective successors-in-interest.  No waiver of any term or provision of this Settlement Agreement, or of any

1   breach or default hereof or hereunder, shall be construed as a waiver of the same or

2   any other term or provision or of any previous or subsequent breach thereof.

3       9.10   The Stipulation and the Exhibits attached hereto (together with the

4   Supplemental Agreement referred to in ¶8.3) constitute the entire agreement among

5   the Settling Parties and no representations, warranties, or inducements have been

6   made to any Settling Party concerning the Stipulation or its Exhibits other than the

7   representations, warranties, and covenants contained and memorialized in such

8   documents.  Except as otherwise provided herein, each Settling Party shall bear its

9   own costs.

10      9.11   This Settlement Agreement shall be construed and interpreted to

11  effectuate the intent of the Settling Parties, which is to resolve completely those

12  claims and disputes, including in the Action, and as more fully described herein.  If

13  any provision of this Settlement Agreement shall be determined to be invalid, void, or

14  illegal, such provision shall be construed and amended in a manner that would permit

15  its enforcement, but in no event shall such provision affect, impair, or invalidate any

16  other provision hereof.

17      9.12   Neither the Class Members nor Defendants shall be bound by the

18  Stipulation if the Court modifies material terms thereof, provided, however, that it

19  shall not be a basis for Class Members to terminate the Settlement if the Court

20  modifies any proposed Plan of Allocation or criteria for allocation of the Net

21  Settlement Fund amongst Class Members, or the Plan of Allocation is modified on

22  appeal.  Nor shall it be a basis to terminate the Stipulation if the Court disapproves of

23  or modifies the terms of this Stipulation with respect to attorneys' fees or expenses or

24  the distribution of the Net Settlement Fund.  Notwithstanding any such modification

25  of the terms or Plan of Allocation or the Stipulation with respect to attorneys' fees or

26  expenses, Defendants and Defendants' insurers shall be entitled to all benefits of the

27  Settlement and shall not, under any circumstances, be called upon to contribute

28  additional funds to the Settlement Amount.

9.13   Lead Counsel, on behalf of the Class, are expressly authorized by Lead Plaintiffs to take all appropriate action required or permitted to be taken by the Class pursuant to the Stipulation to effectuate its terms and also are expressly authorized to enter into any modifications or amendments to the Stipulation on behalf of the Class which they deem appropriate.

9.14   Each counsel or other Person executing the Stipulation or any of its Exhibits on behalf of any Settling Party hereby warrants that such Person has the full authority to do so.

9.15   All notices, requests, demands, claims, and other communications hereunder shall be in writing and shall be deemed duly given (i) when delivered personally to the recipient, (ii) one (1) business day after being sent to the recipient by reputable overnight courier service (charges prepaid), or (iii) five (5) business days after being mailed to the recipient by certified or registered mail, return receipt requested and postage prepaid, and addressed to the intended recipient as set forth below:

**If to Lead Plaintiffs or to Lead Counsel:**

Jonah H. Goldstein
Laurie L. Largent
ROBBINS GELLER RUDMAN & DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA  92101

**If to Defendants or to Defendants' counsel:**

Nina F. Locker
Ignacio E. Salceda
Joni L. Ostler
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
650 Page Mill Road
Palo Alto, CA  94304

9.16   The Stipulation may be executed in one or more counterparts.  All executed counterparts and each of them shall be deemed to be one and the same

1 instrument. A complete set of executed counterparts shall be filed with the Court.
2 Signatures sent by facsimile or by PDF via e-mail shall be deemed originals.

3     9.17 The Stipulation shall be binding upon, and inure to the benefit of, the
4 heirs, successors, and assigns of the Settling Parties hereto.

5     9.18 The Court shall retain jurisdiction with respect to implementation and
6 enforcement of the terms of the Stipulation, and all Settling Parties hereto submit to
7 the jurisdiction of the Court for purposes of implementing and enforcing the
8 Settlement embodied in the Stipulation.

9     9.19 Pending approval of the Court of the Stipulation and its Exhibits, all
10 proceedings in this Action shall be stayed and all members of the Class shall be barred
11 and enjoined from commencing any action to prosecute or prosecuting any of the
12 Released Claims against any of the Released Persons.

13     9.20 This Stipulation and the Exhibits hereto shall be considered to have been
14 negotiated, executed, and delivered, and to be wholly performed, in the State of
15 California, and the rights and obligations of the parties to the Stipulation shall be
16 construed and enforced in accordance with, and governed by, the internal, substantive
17 laws of the State of California, without giving effect to that State's choice-of-law
18 principles.

19     IN WITNESS WHEREOF, the parties hereto have caused the Stipulation to be
20 executed, by their duly authorized attorneys, dated October 30, 2015.

21                                 ROBBINS GELLER RUDMAN
                                            & DOWD LLP
22                                 JONAH H. GOLDSTEIN
                                LAURIE L. LARGENT
23                                 REGIS C. WORLEY, JR.
                                AUSTIN P. BRANE
24
25
26                                        LAURIE L. LARGENT
27
28

1

2    655 West Broadway, Suite 1900
     San Diego, CA  92101
3    Telephone:  619/231-1058
     619/231-7423 (fax)

4    Lead Counsel for Plaintiffs

5    ROBERT M. CHEVERIE &
        ASSOCIATES
6    GREGORY S. CAMPORA
     Commerce Center One
7    333 E. River Drive, Suite 101
     East Hartford, CT  06108
8    Telephone:  860/290-9610
     860/290-9611 (fax)

9    JOHNSON & WEAVER, LLP
10   FRANK J. JOHNSON
     600 West Broadway, Suite 1540
11   San Diego, CA  92101
     Telephone:  619/230-0063
12   619/255-1856 (fax)

13   Additional Counsel for Plaintiffs

14

15   WILSON SONSINI GOODRICH
        & ROSATI
16   Professional Corporation
     NINA F. LOCKER
17   IGNACIO E. SALCEDA
     JONI L. OSTLER

18

19   _____
          IGNACIO E. SALCEDA
20

21   650 Page Mill Road
     Palo Alto, CA  94304
22   Telephone:  650/493-9300
     650/493-6811 (fax)

23   Counsel for Defendants

24

25

26

27

28

INDEX OF EXHIBITS TO STIPULATION AND
AGREEMENT OF SETTLEMENT

| DOCUMENT | EXHIBIT | PAGES |
|---|---|---|
| Order Preliminarily Approving Settlement and Providing for Notice | A | 1-8 |
| Notice of Pendency and Proposed Settlement of Class Action | A-1 | 9-33 |
| Proof of Claim and Release | A-2 | 34-44 |
| Summary Notice | A-3 | 45-47 |
| Final Judgment and Order of Dismissal with Prejudice | B | 48-52 |

# EXHIBIT A

1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT

9

SOUTHERN DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| In re BRIDGEPOINT EDUCATION, INC. SECURITIES LITIGATION | ) ) ) |
| | ) |
| This Document Relates To: | ) ) |
| ALL ACTIONS. | ) ) ) |

11
12
13
14

No. 3:12-cv-01737-JM-JLB

CLASS ACTION

ORDER PRELIMINARILY
APPROVING SETTLEMENT AND
PROVIDING FOR NOTICE

EXHIBIT A

15
16
17
18
19
20
21
22
23
24
25
26
27
28

**EXHIBIT A, PAGE 1**

1   WHEREAS, an action is pending before this Court entitled *In re Bridgepoint*
2   *Education, Inc. Securities Litigation*, No. 3:12-cv-01737-JM-JLB (the "Action");

3   WHEREAS, the parties having made application, pursuant to Federal Rule of
4   Civil Procedure 23(e), for an order preliminarily approving the Settlement of this
5   Action, in accordance with a Stipulation and Agreement of Settlement dated October
6   26, 2015 (the "Stipulation"), which, together with the Exhibits annexed thereto, sets
7   forth the terms and conditions for a proposed Settlement of the Action and for
8   dismissal of the Action with prejudice upon the terms and conditions set forth therein;
9   and the Court having read and considered the Stipulation and the Exhibits annexed
10  thereto; and

11  WHEREAS, unless otherwise defined, all terms used herein have the same
12  meanings as set forth in the Stipulation.

13  NOW, THEREFORE, IT IS HEREBY ORDERED:

14  1.   The Court has reviewed the Stipulation and does hereby preliminarily
15  approve the Settlement set forth therein, subject to further consideration at the
16  Settlement Hearing described below.

17  2.   A hearing (the "Settlement Hearing") shall be held before this Court on
18  _____, 2016, at _____ [a date that is at least 100 calendar days from the date of
19  this Order], at the United States District Court for the Southern District of California,
20  221 West Broadway, Courtroom 5D, San Diego, California 92101, to determine
21  whether the proposed Settlement of the Action on the terms and conditions provided
22  for in the Stipulation is fair, reasonable, and adequate to the Class and should be
23  approved by the Court; whether a Judgment as provided in ¶1.14 of the Stipulation
24  should be entered; whether the proposed Plan of Allocation is fair, reasonable, and
25  adequate and should be approved; to determine the amount of fees and expenses that
26  should be awarded to Lead Counsel; and to determine the amount of expenses to be
27  awarded to Lead Plaintiffs.  The Court may adjourn the Settlement Hearing without
28  further notice to the Class Members.

**EXHIBIT A, PAGE 2**

3.     The Court approves, as to form and content, the Notice of Pendency and Proposed Settlement of Class Action (the "Notice"), the Proof of Claim and Release form (the "Proof of Claim"), and Summary Notice annexed hereto as Exhibits A-1, A-2, and A-3, respectively, and finds that the mailing and distribution of the Notice and publishing of the Summary Notice substantially in the manner and form set forth in ¶¶4-6 of this Order meet the requirements of Federal Rule of Civil Procedure 23, the Private Securities Litigation Reform Act of 1995 and due process, and is the best notice practicable under the circumstances and shall constitute due and sufficient notice to all Persons entitled thereto.

4.     The firm of Gilardi & Co. LLC ("Claims Administrator") is hereby appointed to supervise and administer the notice procedure as well as the processing of claims as more fully set forth below.

5.     Not later than _____, 2015 (the "Notice Date") [ten (10) business days after the Court signs and enters this Order], the Claims Administrator shall commence mailing the Notice and Proof of Claim, substantially in the forms annexed hereto, by First-Class Mail to all Class Members who can be identified with reasonable effort, and to be posted on its website at www.bridgepointsecuritieslitigation.com.

6.     Not later than fourteen (14) calendar days after the Notice Date, the Claims Administrator shall cause the Summary Notice to be published once in the national edition of *Investor's Business Daily* and once over a national newswire service.

7.     At least seven (7) calendar days prior to the Settlement Hearing, Lead Counsel shall serve on Defendants' counsel and file with the Court proof, by affidavit or declaration, of such mailing and publishing.

8.     Nominees who purchased Bridgepoint common stock for the beneficial ownership of Class Members during the Class Period shall send the Notice and the Proof of Claim to all such beneficial owners of Bridgepoint common stock within ten (10) days after receipt thereof, or send a list of the names and addresses of such

**EXHIBIT A, PAGE 3**
- 2 -
3:12-cv-01737-JM-JLB

1078319_1

beneficial owners to the Claims Administrator within ten (10) days of receipt thereof, in which event the Claims Administrator shall promptly mail the Notice and Proof of Claim to such beneficial owners.  Lead Counsel shall, if requested, reimburse banks, brokerage houses or other nominees solely for their reasonable out-of-pocket expenses incurred in providing notice to beneficial owners who are Class Members out of the Settlement Fund, which expenses would not have been incurred except for the sending of such notice, subject to further order of this Court with respect to any dispute concerning such compensation.

9. All Class Members shall be bound by all determinations and judgments in the Action concerning the Settlement, whether favorable or unfavorable to the Class.

10. Class Members who wish to participate in the Settlement shall complete and submit Proofs of Claim in accordance with the instructions contained therein. Unless the Court orders otherwise, all Proofs of Claim must be postmarked or submitted electronically no later than one hundred-twenty (120) days from the Notice Date.  Any Class Member who does not timely submit a Proof of Claim within the time provided for, shall be barred from sharing in the distribution of the proceeds of the Settlement Fund, unless otherwise ordered by the Court.  Notwithstanding the foregoing, Lead Counsel may, in their discretion, accept late-submitted claims for processing by the Claims Administrator so long as distribution of the Net Settlement Fund to Authorized Claimants is not materially delayed thereby.

11. Any Class Member may enter an appearance in the Action, at their own expense, individually or through counsel of their own choice.  If they do not enter an appearance, they will be represented by Lead Counsel.

12. Any Person falling within the definition of the Class may, upon request, be excluded or "opt out" from the Class.  Any such Person must submit to the Claims Administrator a request for exclusion ("Request for Exclusion"), postmarked no later than _____, 2016 [fifty (50) calendar days after the Notice Date].  A Request

**EXHIBIT A, PAGE 4**

1   for Exclusion must be signed and state:  (a) the name, address, and telephone number

2   of the Person requesting exclusion; (b) the Person's purchases and sales of

3   Bridgepoint common stock from May 3, 2011 through and including July 13, 2012,

4   including the dates, the number of shares of Bridgepoint common stock purchased or

5   sold, and price paid or received for each such purchase or sale; and (c) that the Person

6   wishes to be excluded from the Class.  All Persons who submit valid and timely

7   Requests for Exclusion in the manner set forth in this paragraph shall have no rights

8   under the Stipulation, shall not share in the distribution of the Net Settlement Fund,

9   and shall not be bound by the Stipulation or any final judgment.

10        13.    Lead Counsel shall cause to be provided to Defendants' counsel copies of

11   all Requests for Exclusion, and any written revocation of Requests for Exclusion, as

12   expeditiously as possible and in any event not less than fourteen (14) days prior to the

13   Settlement Hearing.

14        14.    Any Class Member may appear and show cause why the proposed

15   Settlement of the Action should or should not be approved as fair, reasonable, and

16   adequate, why a judgment should or should not be entered thereon, why the Plan of

17   Allocation should or should not be approved, why attorneys' fees and expenses should

18   or should not be awarded to Plaintiffs' Counsel, or why the expenses of Lead

19   Plaintiffs should or should not be awarded; provided, however, that no Class Member

20   or any other Person shall be heard or entitled to contest such matters, unless that

21   Person has delivered by hand or sent by First-Class Mail written objections and copies

22   of any papers and briefs such that they are received, not simply postmarked, on or

23   before _____, 2016 [fifty (50) calendar days after the Notice Date], by Robbins

24   Geller Rudman & Dowd LLP, Jonah H. Goldstein, 655 West Broadway, Suite 1900,

25   San Diego, California 92101; and Wilson Sonsini Goodrich & Rosati, Professional

26   Corporation, Nina F. Locker, 650 Page Mill Road, Palo Alto, California 94304, and

27   filed said objections, papers, and briefs with the Clerk of the United States District

28   Court for the Southern District of California, 333 West Broadway, Suite 420, San

**EXHIBIT A, PAGE 5**

Diego, California 92101, on or before _____, 2016 [fifty (50) calendar days after the Notice Date]. Any Class Member who does not make his, her or its objection in the manner provided shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness or adequacy of the proposed Settlement as set forth in the Stipulation, to the Plan of Allocation, or to the award of attorneys' fees and expenses to Plaintiffs' Counsel or expenses of Lead Plaintiffs, unless otherwise ordered by the Court.

15.    All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

16.    All opening briefs and supporting documents in support of the Settlement, the Plan of Allocation, and any application by Plaintiffs' Counsel for attorneys' fees and expenses or by Lead Plaintiffs for their expenses shall be filed and served by _____, 2016 [thirty-five (35) calendar days after the Notice Date]. Replies to any objections shall be filed and served by _____, 2016 [sixty-five (65) calendar days after the Notice Date].

17.    Neither the Released Persons nor Defendants' insurers shall have any responsibility for the Plan of Allocation or any application for attorneys' fees or expenses submitted by Plaintiffs' Counsel or Lead Plaintiffs, and such matters will be considered separately from the fairness, reasonableness, and adequacy of the Settlement.

18.    At or after the Settlement Hearing, the Court shall determine whether the Plan of Allocation proposed by Lead Counsel, and any application for attorneys' fees or payment of expenses shall be approved.

19.    All reasonable expenses incurred in identifying and notifying Class Members, as well as administering the Settlement Fund, shall be paid as set forth in the Stipulation. In the event the Settlement is not approved by the Court, or otherwise

1  fails to become effective, neither Lead Plaintiffs nor Plaintiffs' Counsel shall have any
2  obligation to repay any amounts incurred and properly disbursed pursuant to ¶¶3.8 or
3  3.9 of the Stipulation.

4       20.     Neither the Stipulation, nor any of its terms or provisions, nor any of the
5  negotiations or proceedingsconnected with it, shall be construed as an admission or
6  concession by the Defendants of the truth of any of the allegations in the Action, or of
7  any liability, fault, or wrongdoing of any kind, nor construed as, or deemed to be
8  evidence of, or an admission or concession that Lead Plaintiffs or any Class Members
9  have suffered any damages, harm, or loss.

10       21.     The Court reserves the right to adjourn the date of the Settlement Hearing
11  without further notice to the Class Members, and retains jurisdiction to consider all
12  further applications arising out of or connected with the proposed Settlement.  The
13  Court may approve the Settlement, with such modifications as may be agreed to by
14  the Settling Parties, if appropriate, without further notice to the Class.

15       22.     If the Stipulation and the Settlement set forth therein is not approved or
16  consummated or the Effective Date as provided in the Stipulation fails to occur for
17  any reason whatsoever, then this Order shall be rendered null and void to the extent
18  provided by and in accordance with the Stipulation, and in such event, all orders
19  entered and releases delivered in connection herewith shall be null and void to the
20  extent provided by and in accordance with the Stipulation and all proceedings had in
21  connection therewith shall be without prejudice to the rights of the Settling Parties
22  *status quo ante*.

23
24
25
26
27
28

1        23.    Pending final determination of whether the proposed Settlement should

2   be approved, neither the Lead Plaintiffs nor any Class Member, directly or indirectly,

3   representatively, or in any other capacity, shall commence or prosecute against any of

4   the Defendants, any action or proceeding in any court or tribunal asserting any of the

5   Released Claims.

6        IT IS SO ORDERED.

7   DATED: _____          _____

8                                   THE HONORABLE JEFFREY T. MILLER
    UNITED STATES DISTRICT JUDGE

**EXHIBIT A, PAGE 8**

1078319_1

- 7 -                                      3:12-cv-01737-JM-JLB

# EXHIBIT A-1

1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                 SOUTHERN DISTRICT OF CALIFORNIA

10    In re BRIDGEPOINT EDUCATION,          )   No. 3:12-cv-01737-JM-JLB
      INC. SECURITIES LITIGATION            )
11    _____  )   CLASS ACTION
                                            )
12    This Document Relates To:             )   NOTICE OF PENDENCY AND
                                            )   PROPOSED SETTLEMENT OF
13         ALL ACTIONS.                     )   CLASS ACTION
                                            )
14    _____  )   EXHIBIT A-1

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1078671_2

**TO: ALL PERSONS WHO PURCHASED THE COMMON STOCK OF BRIDGEPOINT EDUCATION, INC. ("BRIDGEPOINT") BETWEEN MAY 3, 2011 AND JULY 13, 2012, INCLUSIVE**

PLEASE READ THIS NOTICE CAREFULLY AND IN ITS ENTIRETY. YOUR RIGHTS MAY BE AFFECTED BY PROCEEDINGS IN THIS ACTION. PLEASE NOTE THAT IF YOU ARE A CLASS MEMBER, YOU MAY BE ENTITLED TO SHARE IN THE PROCEEDS OF THE SETTLEMENT DESCRIBED IN THIS NOTICE. TO CLAIM YOUR SHARE OF THIS FUND, YOU MUST SUBMIT A VALID PROOF OF CLAIM AND RELEASE FORM ("PROOF OF CLAIM") **POSTMARKED OR SUBMITTED ONLINE ON OR BEFORE _____, 2016**.

**A federal court authorized this Notice. This is not a solicitation from a lawyer.**

This Notice of Pendency and Proposed Settlement of Class Action ("Notice") has been sent to you pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the Southern District of California (the "Court"). The purpose of this Notice is to inform you of the pendency and proposed settlement of the case entitled *In re Bridgepoint Education, Inc. Securities Litigation*, No. 3:12-cv-01737-JM-JLB (the "Action") and of the hearing (the "Settlement Hearing") to be held by the Court to consider the fairness, reasonableness, and adequacy of the Settlement as set forth in the Stipulation and Agreement of Settlement between Lead Plaintiffs and Defendants, dated October 30, 2015 ("Stipulation" or "Settlement"), on file with the Court. This Settlement resolves claims that the Defendants violated the federal securities laws. This Notice describes the rights you may have in connection with the Settlement and what steps you may take in relation to the Settlement and this class action litigation.

This Notice is not intended to be, and should not be construed as, an expression of any opinion by the Court with respect to the truth of the allegations in the Action as

**EXHIBIT A-1, PAGE 10**

1   to any of the Defendants or the merits of the claims or defenses asserted by or against

2   Defendants.   This Notice is solely to advise you of the pendency and proposed

3   Settlement of the Action and of your rights in connection therewith.

4   **I.        THE SETTLEMENT**

5         The proposed Settlement will result in the creation of a cash settlement fund in

6   the principal amount of Fifteen Million Five Hundred Thousand Dollars

7   ($15,500,000.00) (the "Settlement Amount"), plus any interest that may accrue

8   thereon (the "Settlement Fund").

9         The Settlement Fund, subject to deduction for, among other things, costs of

10  class notice and administration and certain taxes and tax related expenses and for

11  attorneys' fees and expenses as approved by the Court, will be available for

12  distribution to Class Members.  If 100% of the eligible common stock of Bridgepoint

13  purchased by Class Members and entitled to a distribution under the Plan of

14  Allocation described below participate in the Settlement, the estimated average

15  distribution per share of Bridgepoint common stock will be approximately $0.85

16  before deduction of Court-approved fees and expenses.  Historically, actual claim

17  rates are lower than 100%, resulting in higher per share distributions.  Your actual

18  recovery from this fund will depend on a number of variables, including the number

19  of claimants, the number of shares of Bridgepoint common stock you and they

20  purchased between May 3, 2011 and July 13, 2012, inclusive, the number of shares of

21  Bridgepoint common stock you and they sold, the expense of administering the claims

22  process, and the timing of your purchases and any sales, if any (see the Plan of

23  Allocation below for a more detailed description of how the settlement proceeds will

24  be allocated among Class Members).

25  **II.       STATEMENT OF POTENTIAL OUTCOME**

26        Lead Plaintiffs and Defendants do not agree on the average amount of damages

27  per share, if any, that would have been recoverable if Lead Plaintiffs were to have

28  prevailed on each claim alleged.  Defendants deny that they are liable in any respect or

**EXHIBIT A-1, PAGE 11**

that Lead Plaintiffs or the Class suffered any injury, and deny that they have violated the federal securities laws or any laws.  The issues on which the parties disagree are many, but include: (1) whether Defendants engaged in conduct that would give rise to any liability to the Class under the federal securities laws, or any other laws; (2) whether Defendants have valid defenses to any such claims of liability; (3) the appropriate economic model for determining the amount by which the price of Bridgepoint common stock was allegedly artificially inflated (if at all) during the Class Period; (4) the amount by which the price of Bridgepoint common stock was allegedly artificially inflated (if at all) during the Class Period; (5) the effect of various market forces on the price of Bridgepoint common stock at various times during the Class Period; (6) the extent to which external factors influenced the price of Bridgepoint common stock at various times during the Class Period; (7) the extent to which the various matters that Lead Plaintiffs alleged were materially false or misleading influenced (if at all) the price of Bridgepoint common stock at various times during the Class Period; and (8) the extent to which the various allegedly adverse material facts that Lead Plaintiffs alleged were omitted influenced (if at all) the price of Bridgepoint common stock at various times during the Class Period.

## III.    REASONS FOR SETTLEMENT

Lead Plaintiffs believe that the proposed Settlement is a good recovery and is in the best interests of the Class.  Because of the risks associated with continuing to litigate and proceeding to trial, there was a danger that the Class would not have prevailed on any of its claims, in which case the Class would receive nothing.  Also, the amount of damages recoverable by the Class was and is challenged by Defendants. Recoverable damages in this case are limited to losses caused by conduct actionable under applicable law and, had the Action gone to trial, Defendants would have asserted that any losses of Class Members were caused by non-actionable market, industry, or general economic factors.  Defendants also would have asserted that throughout the Class Period the uncertainties and risks associated with the purchase of

**EXHIBIT A-1, PAGE 12**
- 3 -

Bridgepoint common stock were fully and adequately disclosed.  The proposed Settlement provides a certain benefit to Class Members, and will avoid the years of delay that would likely occur in the event of a contested trial and appeals.

**IV.    STATEMENT OF ATTORNEYS' FEES AND EXPENSES SOUGHT**

Lead Counsel have not received any payment for their services in conducting this Action on behalf of the Lead Plaintiffs and the Class Members, nor have they been paid for their litigation expenses.  If the Settlement is approved by the Court, Lead Counsel will apply to the Court for attorneys' fees of 25% of the Settlement Amount and expenses not to exceed $600,000.00, plus interest thereon, to be paid from the Settlement Fund.  If the amounts requested are approved by the Court, the average cost per share of Bridgepoint common stock will be $0.24.  In addition, the Lead Plaintiffs may each seek up to $20,000.00 in expenses incurred in representing the Class.

**V.    IDENTITY OF ATTORNEYS YOU MAY CONTACT FOR MORE INFORMATION**

For further information regarding this Settlement, you may contact a representative of Lead Counsel: Rick Nelson, Shareholder Relations, Robbins Geller Rudman & Dowd LLP, 655 West Broadway, Suite 1900, San Diego, CA 92101, Telephone: 800/449-4900.

**VI.    NOTICE OF HEARING ON PROPOSED SETTLEMENT**

The Settlement Hearing will be held on _____, 2016, at ____, before the Honorable Jeffrey T. Miller, United States District Judge, at the United States District Court for the Southern District of California, 221 West Broadway, Courtroom 5D, San Diego, California 92101.  The purpose of the Settlement Hearing will be to determine: (1) whether the proposed Settlement, as set forth in the Stipulation, consisting of Fifteen Million Five Hundred Thousand Dollars ($15,500,000.00) in cash, should be approved as fair, reasonable, and adequate to the Class Members; (2) whether the proposed plan to distribute the settlement proceeds (the "Plan of Allocation") is fair,

**EXHIBIT A-1, PAGE 13**

1   reasonable, and adequate; (3) whether the application by Lead Counsel for an award
2   of attorneys' fees and expenses and the expenses of Lead Plaintiffs should be
3   approved; and (4) whether the Judgment, in the form attached to the Stipulation,
4   should be entered.  The Court may adjourn the Settlement Hearing from time to time
5   and without further notice to the Class.

6   **VII.   DEFINITIONS USED IN THIS NOTICE**

7          As used in this Notice, the following terms have the meanings specified below.
8   Any capitalized terms not specifically defined in this Notice shall have the meanings
9   set forth in the Stipulation.  In the event of any inconsistency between any definition
10  set forth below or elsewhere in this Notice and any definition set forth in the
11  Stipulation, the definition set forth in the Stipulation shall control.

12         1.      "Action" means the action captioned *In re Bridgepoint Education, Inc.*
13  *Securities Litigation*, No. 3:12-cv-01737-JM-JLB.

14         2.      "Authorized Claimant" means any Class Member whose claim for
15  recovery has been allowed pursuant to the terms of the Stipulation.

16         3.      "Bridgepoint" means Bridgepoint Education, Inc.

17         4.      "Claims Administrator" means the firm of Gilardi & Co. LLC.

18         5.      "Class" means all Persons who purchased Bridgepoint common stock
19  between May 3, 2011 and July 13, 2012, inclusive, excluding Defendants, directors
20  and officers of Bridgepoint, and their families and affiliates.  Also excluded are those
21  Persons who timely and validly request exclusion from the Class pursuant to this
22  Notice.

23         6.      "Class Member" means a Person who falls within the definition of the
24  Class as set forth above.

25         7.      "Class Notice and Administration Expenses" means the fees and
26  expenses reasonably and actually incurred in connection with providing notice,
27  locating Class Members, assisting with the filing of claims, administering and

28

**EXHIBIT A-1, PAGE 14**
- 5 -                                3:12-cv-01737-JM-JLB

1  distributing the Net Settlement Fund to Authorized Claimants, processing Proofs of

2  Claim, and paying escrow fees and costs, if any.

3      8.    "Class Period" means the period from May 3, 2011 through and

4  including July 13, 2012.

5      9.    "Defendants" means Bridgepoint and the Individual Defendants.

6      10.   "Effective Date," or the date upon which this Settlement becomes

7  "effective," means the first date by which all of the events and conditions specified in

8  paragraph 8.1 of the Stipulation have been met and have occurred.

9      11.   "Final" means when the last of the following with respect to the

10 Judgment approving the Settlement, in the form of Exhibit B to the Stipulation, shall

11 occur: (i) the expiration of the time to file a motion to alter or amend the Judgment

12 under Federal Rule of Civil Procedure 59(e) has passed without any such motion

13 having been filed; (ii) the expiration of the time in which to appeal the Judgment has

14 passed without any appeal having been taken; and (iii) if a motion to alter or amend is

15 filed or if an appeal is taken, the determination of that motion or appeal in such a

16 manner as to permit the consummation of the Settlement, in accordance with the terms

17 and conditions of the Stipulation.  For purposes of this paragraph, an "appeal" shall

18 include any petition for a writ of certiorari or other writ that may be filed in

19 connection with approval or disapproval of this Settlement, but shall not include any

20 appeal that concerns only the issue of attorneys' fees and expenses or any Plan of

21 Allocation of the Settlement Fund.

22     12.   "Individual Defendants" means Andrew S. Clark, Jane McAuliffe, and

23 Daniel J. Devine.

24     13.   "Judgment" means the judgment and order of dismissal with prejudice to

25 be rendered by the Court upon approval of the Settlement, substantially in the form

26 attached as Exhibit B to the Stipulation.

27     14.   "Lead Counsel" means Robbins Geller Rudman & Dowd LLP, Jonah H.

28 Goldstein, 655 West Broadway, Suite 1900, San Diego, CA 92101.

**EXHIBIT A-1, PAGE 15**

15. "Lead Plaintiffs" means City of Atlanta General Employees Pension Fund and Teamsters Local 677 Health Services & Insurance Plan.

16. "Net Settlement Fund" means the Settlement Fund less: (i) Court-awarded attorneys' fees and expenses; (ii) Class Notice and Administration Expenses; (iii) Taxes and Tax Expenses; and (iv) any other fees or expenses approved by the Court.

17. "Person" means a natural person, individual, corporation, partnership, limited partnership, association, joint stock company, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any business or legal entity and his, her or its spouses, heirs, predecessors, successors, representatives, or assignees.

18. "Plan of Allocation" means a plan or formula of allocation of the Net Settlement Fund whereby the Net Settlement Fund shall be distributed to Authorized Claimants. Any Plan of Allocation is not part of the Stipulation and the Released Persons shall have no responsibility or liability with respect to the Plan of Allocation. (The Plan of Allocation is described in more detail in this Notice, below.)

19. "Related Persons" means each of a Defendant's past or present directors, officers, employees, partners, insurers, co-insurers, reinsurers, principals, controlling shareholders, attorneys, accountants, auditors, investment advisors, personal or legal representatives, predecessors, successors, parents, subsidiaries, divisions, joint ventures, assigns, spouses, heirs, estates, related or affiliated entities, any entity in which a Defendant has a controlling interest, any members of an Individual Defendant's immediate family, any trust of which an Individual Defendant is the settlor or which is for the benefit of an Individual Defendant and/or any member of an Individual Defendant's immediate family, and any entity in which a Defendant and/or any member of an Individual Defendant's immediate family has or have a controlling interest (directly or indirectly).

20.    "Released Claims" means any and all claims, demands, rights, causes of action or liabilities of every nature and description whatsoever (including, but not limited to, any claims for damages, interest, attorneys' fees, expert or consulting fees, and any other costs, expenses or liabilities whatsoever), whether based on federal, state, local, foreign, statutory or common law or any other law, rule, ordinance, administrative provision or regulation, including Unknown Claims as defined below, whether class or individual in nature, whether fixed or contingent, accrued or unaccrued, liquidated or unliquidated, at law or in equity, matured or unmatured, concealed or hidden, suspected or unsuspected, which now exist or heretofore have existed, that were asserted or could have been asserted by Lead Plaintiffs or any Class Member against the Released Persons based on, arising from or relating to both: (i) the purchase of Bridgepoint common stock during the Class Period; and (ii) the allegations, transactions, facts, matters, events, disclosures, registration statements, public filings, acts, occurrences, representations, statements, omissions or failures to act that occurred during the Class Period and that were or could have been alleged by Lead Plaintiffs in the Action against the Released Persons.  Released Claims does not include claims to enforce the Settlement or any derivative actions.

21.    "Released Persons" means each and all of the Defendants and each and all of their Related Persons.

22.    "Settlement Amount" means Fifteen Million Five Hundred Thousand Dollars ($15,500,000.00) in cash.

23.    "Settlement Fund" means the Settlement Amount, together with all interest and income earned thereon after being transferred to the Escrow Account.

24.    "Settling Parties" means, collectively, Lead Plaintiffs, on behalf of themselves and the Class Members, and Defendants.

25.    "Unknown Claims" means collectively any Released Claims which Lead Plaintiffs or any Class Member do not know or suspect to exist in his, her or its favor at the time of the release of the Released Persons which, if known by him, her or it,

**EXHIBIT A-1, PAGE 17**

1  might have affected his, her or its settlement with and release of the Released Persons,

2  or might have affected his, her or its decision not to object to this Settlement or seek

3  exclusion from the Class.  With respect to any and all Released Claims, the Settling

4  Parties stipulate and agree that, upon the Effective Date, Lead Plaintiffs shall

5  expressly waive and each of the Class Members shall be deemed to have, and by

6  operation of the Judgment shall have, expressly waived the provisions, rights, and

7  benefits of California Civil Code §1542, which provides:

8  **A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor**.

10 Lead Plaintiffs shall expressly waive and each of the Class Members shall be deemed

11 to have, and by operation of the Judgment shall have, expressly waived any and all

12 provisions, rights, and benefits conferred by any law of any state or territory of the

13 United States or any foreign country, or any principle of common law, which is

14 similar, comparable or equivalent in substance to California Civil Code §1542.  Lead

15 Plaintiffs and Class Members may hereafter discover facts in addition to or different

16 from those which he, she or it now knows or believes to be true with respect to the

17 subject matter of the Released Claims, but upon the Effective Date, each Class

18 Member, and Lead Plaintiffs expressly, shall be deemed to have, and by operation of

19 the Judgment shall have, fully, finally, and forever settled and released any and all

20 Released Claims, known or unknown, suspected or unsuspected, contingent or non-

21 contingent, whether or not concealed or hidden, which now exist, or heretofore have

22 existed, upon any theory of law or equity now existing or coming into existence in the

23 future, including, but not limited to, conduct which is negligent, intentional, with or

24 without malice, or a breach of any duty, law or rule, without regard to the subsequent

25 discovery or existence of such different or additional facts.   Lead Plaintiffs

26 acknowledge, and the Class Members shall be deemed by operation of the Judgment

**EXHIBIT A-1, PAGE 18**

1078671_2          3:12-cv-01737-JM-JLB

1  to have acknowledged, that the foregoing waiver was separately bargained for and a
2  key element of the Settlement of which this release is a part.

3  **VIII.  THE ACTION**

4            This case is currently pending before the Honorable Jeffrey T. Miller in the
5  United States District Court for the Southern District of California. The initial
6  complaint in this case, entitled *Franke v. Bridgepoint Education, Inc., et al.*, No. 12
7  CV 1737-JM-WMC, was filed in the Court on July 13, 2012.  On October 22, 2012,
8  the Court appointed City of Atlanta General Employees Pension Fund and Teamsters
9  Local 677 Health Services & Insurance Plan as Lead Plaintiffs.

10           On December 21, 2012, Lead Plaintiffs filed the Consolidated Complaint for
11  Violation of the Federal Securities Laws alleging violations of §§10(b), 20(a), and
12  20A of the Securities Exchange Act of 1934 (the "Complaint").  Lead Plaintiffs
13  alleged that during the Class Period, Defendants made materially false and misleading
14  statements regarding Ashford University's ("Ashford") prospects for achieving initial
15  accreditation from Western Association of Schools and Colleges ("WASC"),
16  Ashford's student persistence and initiatives, Ashford's hiring of additional full-time
17  faculty, and the quality and academic rigor of Ashford's courses.  Lead Plaintiffs also
18  alleged that Defendants made false and misleading financial projections and that the
19  Individual Defendants transacted in Bridgepoint common stock in violation of §20A
20  of the Exchange Act.  Lead Plaintiffs further alleged that Defendants' materially false
21  and misleading statements artificially inflated the price of Bridgepoint common stock
22  and that when the truth was eventually disclosed the Class suffered substantial
23  damages.

24           On February 19, 2013, the Defendants moved to dismiss the Complaint.  On
25  September 13, 2013, the Court issued an order granting in part and denying in part
26  Defendants' motion to dismiss.  The Court denied Defendants' motion to dismiss with
27  respect to Defendants' statements regarding Ashford's student persistence and
28  retention, and initiatives to improve student persistence and retention.  The Court

dismissed Lead Plaintiffs' §20A claims.   Thereafter, Defendants filed an answer denying all material allegations in the Complaint and asserting defenses thereto.

On August 6, 2014, Lead Plaintiffs filed a motion for class certification, which the Court granted on January 15, 2015, appointing Lead Plaintiffs as class representatives.

During the pendency of the Action, Lead Plaintiffs and Defendants engaged in extensive discovery, including the production of over two million pages of documents and the taking and defending of 21 party and non-party depositions.  The parties also submitted four expert reports and took expert depositions.

On August 31, 2015, Defendants filed motions for summary judgment and a motion to exclude the testimony of Lead Plaintiffs' expert.

In the course of the Action, the parties engaged the services of the Honorable Layn R. Phillips (Ret.), a nationally recognized mediator.  The parties engaged in face-to-face mediation sessions with Judge Phillips on March 31, 2015 and September 4, 2015.  These efforts culminated with the Settling Parties agreeing to settle the Action for $15,500,000.00, subject to the negotiation of the terms of a Stipulation and Agreement of Settlement and approval by the Court.

## IX.   LEAD PLAINTIFFS' CLAIMS AND THE BENEFITS OF SETTLEMENT

Lead Plaintiffs believe that the claims asserted in the Action have merit and that the evidence developed to date supports the claims.  However, Lead Plaintiffs and Lead Counsel recognize and acknowledge the expense and length of continued proceedings necessary to prosecute the Action against Defendants through trial and through appeals.  Lead Plaintiffs and Lead Counsel also have taken into account the uncertain outcome and the risk of any litigation, especially in complex actions such as the Action, as well as the difficulties and delays inherent in such litigation.  Lead Plaintiffs and Lead Counsel also are mindful of the inherent problems of proof under and possible defenses to the securities law violations asserted in the Action.  Lead

1   Plaintiffs and Lead Counsel believe that the Settlement set forth in the Stipulation
2   confers substantial benefits upon the Class. Based on their evaluation, Lead Plaintiffs
3   and Lead Counsel have determined that the Settlement set forth in the Stipulation is in
4   the best interests of Lead Plaintiffs and the Class.

5   **X.    DEFENDANTS' DENIALS OF WRONGDOING AND
        LIABILITY**

6
7         Defendants have denied and continue to deny each and all of the claims alleged
    by Lead Plaintiffs and the Class in the Action. Defendants expressly have denied and
8
    continue to deny all charges of wrongdoing or liability against them arising out of any
9
    of the conduct, statements, acts or omissions alleged, or that could have been alleged,
10
    in the Action. Defendants also have denied and continue to deny, among other
11
    allegations, the allegations that Lead Plaintiffs or the Class have suffered any damage,
12
    that the price of Bridgepoint common stock was artificially inflated by reasons of
13
    alleged misrepresentations, non-disclosures or otherwise, or that Lead Plaintiffs or the
14
    Class were harmed by the conduct alleged in the Action or that could have been
15
    alleged as part of the Action. Defendants believe that the evidence developed to date
16
    supports their position, that they acted properly at all times and that the Action is
17
    without merit. In addition, Defendants maintain that they have meritorious defenses
18
    to all claims alleged in the Action.
19
          Nonetheless, Defendants have concluded that further conduct of the Action
20
    would be protracted and expensive, and that it is desirable that the Action be fully and
21
    finally settled in the manner and upon the terms and conditions set forth in the
22
    Stipulation. Defendants also have taken into account the uncertainty and risks
23
    inherent in any litigation, especially in complex cases such as this Action. Defendants
24
    have, therefore, determined that it is desirable and beneficial to them that the Action
25
    be settled in the manner and upon the terms and conditions set forth in the Stipulation.
26
27
28

**EXHIBIT A-1, PAGE 21**

## XI.    TERMS OF THE PROPOSED SETTLEMENT

A settlement has been reached in the Action between Lead Plaintiffs and Defendants, the terms and conditions of which are set forth in the Stipulation and the Exhibits thereto.  The following description of the proposed Settlement is only a summary, and reference is made to the text of the Stipulation, on file with the Court or accessible at www.bridgepointsecuritieslitigation.com, for a full statement of its provisions.

The Settlement Fund consists of Fifteen Million Five Hundred Thousand Dollars ($15,500,000.00) in cash, plus any interest earned thereon.

A portion of the settlement proceeds will be used to pay attorneys' fees and expenses to Plaintiffs' Counsel and Lead Plaintiffs' expenses, Class Notice and Administration Expenses, and Taxes and Tax Expenses.  The balance of the Settlement Fund (the "Net Settlement Fund") will be distributed, in accordance with the Plan of Allocation described below, to Class Members who submit valid and timely Proofs of Claim.

The effectiveness of the Settlement is subject to a number of conditions and reference to the Stipulation is made for further particulars regarding these conditions.

## XII.    THE RIGHTS OF CLASS MEMBERS

If you are a Class Member, you may receive the benefit of, and you will be bound by the terms of, the proposed Settlement described in this Notice, upon approval of the proposed Settlement by the Court.

If you are a Class Member, you have the following options:

1.      You may submit a Proof of Claim as described below.  If you choose this option, you will share in the proceeds of the proposed Settlement if your claim is timely, valid, and entitled to a distribution under the Plan of Allocation described below and if the proposed Settlement is finally approved by the Court; and you will be bound by the Judgment and release to be entered by the Court as described below.

2.      If you timely and validly request exclusion from the Class pursuant to this Notice and you do nothing further: (a) you are excluded from the Class; (b) you are not entitled to share in the proceeds of the Settlement described herein; (c) you are not bound by any judgment entered in the Action; and (d) you are not precluded, by reason of your decision to request exclusion from the Class, from otherwise prosecuting an individual claim, if timely, against Defendants based on the matters complained of in the Action.

3.      If you do not make a valid and timely request in writing to be excluded from the Class, you will be bound by any and all determinations or judgments in the Action in connection with the Settlement entered into or approved by the Court, whether favorable or unfavorable to the Class, and you shall be deemed to have, and by operation of the Judgment shall have, fully released all of the Released Claims against the Released Persons, whether or not you submit a valid Proof of Claim.

4.      You may do nothing at all.  If you choose this option, you will not share in the proceeds of the Settlement, but you will be bound by any judgment entered by the Court, and you shall be deemed to have, and by operation of the Judgment shall have, fully released all of the Released Claims against the Released Persons.

5.      You may object to the Settlement, the Plan of Allocation, and/or the application for attorneys' fees and expenses in the manner described in Section XIX below.

6.      If you are a Class Member, you may, but are not required to, enter an appearance through counsel of your own choosing and at your own expense, provided that such counsel must file an appearance on your behalf with the Court on or before _____, 2016, and must serve copies of such appearance on the attorneys listed in Section XIX below.  If you do not enter an appearance through counsel of your own choosing, you will be represented by Lead Counsel: Robbins Geller Rudman & Dowd LLP, Jonah H. Goldstein, 655 West Broadway, Suite 1900, San Diego, CA 92101.

## XIII.  PLAN OF ALLOCATION

The Net Settlement Fund will be distributed to Class Members who, in accordance with the terms of the Stipulation, are entitled to a distribution from the Net Settlement Fund pursuant to any Plan of Allocation or any order of the Court and who submit a valid and timely Proof of Claim under the Plan of Allocation described below.  The Plan of Allocation provides that you will be eligible to participate in the distribution of the Net Settlement Fund only if you have an overall net loss on all of your transactions in Bridgepoint common stock during the Class Period.

For purposes of determining the amount an Authorized Claimant may recover under the Plan of Allocation, Lead Counsel have conferred with their damages consultants and the Plan of Allocation reflects an assessment of the damages that they believe could have been recovered by Class Members had Lead Plaintiffs prevailed at trial.

In the unlikely event there are sufficient funds in the Net Settlement Fund, each Authorized Claimant will receive an amount equal to the Authorized Claimant's claim, as defined below.  If, however, and as is more likely, the amount in the Net Settlement Fund is not sufficient to permit payment of the total claim of each Authorized Claimant, then each Authorized Claimant shall be paid the percentage of the Net Settlement Fund that each Authorized Claimant's claim bears to the total of the claims of all Authorized Claimants.  Payment in this manner shall be deemed conclusive against all Authorized Claimants.

A claim will be calculated as follows:

The allocation below for common stock is based on market adjusted price declines as well as the statutory Private Securities Litigation Reform Act of 1995 ("PSLRA") 90-day look-back amount.

The calculation of claims below is not an estimate of the amount you will receive.  It is a formula for allocating the Net Settlement Fund among all Authorized Claimants.

1.    For shares of Bridgepoint common stock **purchased on or between May 3, 2011 through July 6, 2012**, the claim per share shall be as follows:

    (a)    If sold on or between May 3, 2011 through July 6, 2012, the claim per share shall be zero.

    (b)    If sold on or between July 9, 2012 through July 12, 2012, the claim per share shall be the lesser of: (i) the purchase price times the percent of inflation in Table A on the purchase date less the sales price times the percent of inflation in Table A on the sale date; and (ii) the difference between the purchase price and the sales price.

    (c)    If retained at the end of July 12, 2012 and sold before October 10, 2012, the claim per share shall be the least of: (i) the purchase price times the percent of inflation in Table A on the purchase date; (ii) the difference between the purchase price and the sales price; and (iii) the difference between the purchase price and the average closing price up to the date of sale as set forth in Table B below.[1]

    (d)    If retained at the end of October 10, 2012, or sold thereafter, the claim per share shall be the lesser of: (i) the purchase price times the percent of inflation in Table A on the purchase date; and (ii) the difference between the purchase price and $10.12 per share.

2.    For shares of Bridgepoint common stock **purchased on or between July 9, 2012 through July 12, 2012**, the claim per share shall be as follows:

    (a)    If sold on or between July 9, 2012 through July 12, 2012, the claim per share shall be zero.

---

[1]    Pursuant to Section 21D(e)(1) of the PSLRA, "in any private action arising under this chapter in which the plaintiff seeks to establish damages by reference to the market price of a security, the award of damages to the plaintiff shall not exceed the difference between the purchase or sale price paid or received, as appropriate, by the plaintiff for the subject security and the mean trading price of that security during the 90-day period beginning on the date on which the information correcting the misstatement or omission that is the basis for the action is disseminated to the market." $10.12 was the mean (average) daily closing trading price of Bridgepoint common stock during the 90-day period beginning on July 13, 2012 and ending on October 10, 2012.

**EXHIBIT A-1, PAGE 25**

1    (b)    If retained at the end of July 12, 2012 and sold before October 10,

2    2012, the claim per share shall be the least of: (i) the purchase price times the percent

3    of inflation in Table A on the purchase date; (ii) the difference between the purchase

4    price and the sales price; and (iii) the difference between the purchase price and the

5    average closing price up to the date of sale as set forth in Table B below.

6    (c)    If retained at the end of October 10, 2012, or sold thereafter, the

7    claim per share shall be the lesser of: (i) the purchase price times the percent of

8    inflation in Table A on the purchase date; and (ii) the difference between the purchase

9    price and $10.12 per share.

10    3.    For shares of Bridgepoint common stock **purchased on July 13, 2012**,

11    the claim per share shall be zero.[2]

| TABLE A | | |
|---------|---|---|
| **Period Start Date** | **Period End Date** | **Inflation as Percent of Price** |
| 3-May-11 | 6-Jul-12 | 50.1% |
| 9-Jul-12 | 12-Jul-12 | 25.3% |
| 13-Jul-12 | thereafter | 0.0% |

[2]    Although the Class Period includes July 13, 2012, persons who purchased Bridgepoint common stock on July 13, 2012 are not recovering under the Plan of Allocation because the corrective information that affected the market price on this date was released prior to the market opening on July 13, 2012.  In other words, the price of Bridgepoint common stock was no longer inflated on July 13, 2012 and persons who purchased on that date suffered no damages under the federal securities laws.

**EXHIBIT A-1, PAGE 26**

1078671_2

- 17 -

3:12-cv-01737-JM-JLB

**TABLE B**

| Date | Closing Price | Average Closing Price | Date | Closing Price | Average Closing Price |
|------|---------------|----------------------|------|---------------|----------------------|
| 13-Jul-12 | $9.77 | $9.77 | 28-Aug-12 | $9.72 | $9.71 |
| 16-Jul-12 | $9.84 | $9.81 | 29-Aug-12 | $9.74 | $9.71 |
| 17-Jul-12 | $9.65 | $9.75 | 30-Aug-12 | $9.77 | $9.71 |
| 18-Jul-12 | $9.47 | $9.68 | 31-Aug-12 | $9.86 | $9.72 |
| 19-Jul-12 | $9.23 | $9.59 | 4-Sep-12 | $9.56 | $9.71 |
| 20-Jul-12 | $9.01 | $9.50 | 5-Sep-12 | $10.32 | $9.73 |
| 23-Jul-12 | $8.93 | $9.41 | 6-Sep-12 | $10.81 | $9.76 |
| 24-Jul-12 | $8.66 | $9.32 | 7-Sep-12 | $10.89 | $9.78 |
| 25-Jul-12 | $8.58 | $9.24 | 10-Sep-12 | $10.93 | $9.81 |
| 26-Jul-12 | $8.40 | $9.15 | 11-Sep-12 | $11.38 | $9.85 |
| 27-Jul-12 | $8.41 | $9.09 | 12-Sep-12 | $11.00 | $9.88 |
| 30-Jul-12 | $8.43 | $9.03 | 13-Sep-12 | $10.72 | $9.90 |
| 31-Jul-12 | $9.10 | $9.04 | 14-Sep-12 | $11.26 | $9.93 |
| 1-Aug-12 | $9.35 | $9.06 | 17-Sep-12 | $11.22 | $9.95 |
| 2-Aug-12 | $9.42 | $9.08 | 18-Sep-12 | $11.64 | $9.99 |
| 3-Aug-12 | $9.44 | $9.11 | 19-Sep-12 | $11.78 | $10.03 |
| 6-Aug-12 | $10.01 | $9.16 | 20-Sep-12 | $11.04 | $10.05 |
| 7-Aug-12 | $10.58 | $9.24 | 21-Sep-12 | $10.96 | $10.07 |
| 8-Aug-12 | $10.98 | $9.33 | 24-Sep-12 | $10.72 | $10.08 |
| 9-Aug-12 | $10.91 | $9.41 | 25-Sep-12 | $10.06 | $10.08 |
| 10-Aug-12 | $10.77 | $9.47 | 26-Sep-12 | $10.24 | $10.08 |
| 13-Aug-12 | $10.07 | $9.50 | 27-Sep-12 | $10.20 | $10.08 |
| 14-Aug-12 | $9.80 | $9.51 | 28-Sep-12 | $10.15 | $10.09 |
| 15-Aug-12 | $10.07 | $9.54 | 1-Oct-12 | $10.20 | $10.09 |
| 16-Aug-12 | $10.36 | $9.57 | 2-Oct-12 | $10.20 | $10.09 |
| 17-Aug-12 | $10.45 | $9.60 | 3-Oct-12 | $9.80 | $10.08 |
| 20-Aug-12 | $10.29 | $9.63 | 4-Oct-12 | $10.21 | $10.09 |
| 21-Aug-12 | $10.40 | $9.66 | 5-Oct-12 | $10.33 | $10.09 |
| 22-Aug-12 | $10.10 | $9.67 | 8-Oct-12 | $10.57 | $10.10 |
| 23-Aug-12 | $10.46 | $9.70 | 9-Oct-12 | $10.57 | $10.11 |
| 24-Aug-12 | $9.99 | $9.71 | 10-Oct-12 | $10.72 | $10.12 |
| 27-Aug-12 | $9.78 | $9.71 | | | |

The date of purchase or sale is the "contract" or "trade" date as distinguished from the "settlement" date.

For Class Members who held Bridgepoint common stock at the beginning of the Class Period or made multiple purchases or sales during the Class Period, the

**EXHIBIT A-1, PAGE 27**

First-In, First-Out ("FIFO") method will be applied to such holdings, purchases, and sales for purposes of calculating a claim.  Under the FIFO method, sales of Bridgepoint common stock during the Class Period will be matched, in chronological order, first against shares of common stock held at the beginning of the Class Period. The remaining sales of common stock during the Class Period will then be matched, in chronological order, against common stock purchased during the Class Period.

A Class Member will be eligible to receive a distribution from the Net Settlement Fund only if that Class Member had a net overall loss, after all profits from transactions in all Bridgepoint common stock described above during the Class Period are subtracted from all losses.  However, the proceeds from sales of common stock that have been matched against the common stock held at the beginning of the Class Period will not be used in the calculation of such net loss.  No distributions will be made to Authorized Claimants who would otherwise receive a distribution of less than $10.00.

The Court has reserved jurisdiction to allow, disallow, or adjust the claim of any Class Member on equitable grounds.

Payment pursuant to the Plan of Allocation set forth above shall be conclusive against all Authorized Claimants.  Defendants, their respective counsel, and all other Released Persons will have no responsibility or liability whatsoever for the investment of the Settlement Fund, the distribution of the Net Settlement Fund, the Plan of Allocation or the payment of any claim.  No Person shall have any claim against Lead Plaintiffs, Plaintiffs' Counsel, any claims administrator, or other Person designated by Lead Plaintiffs' counsel, or Defendants or Defendants' counsel based on distributions made substantially in accordance with the Stipulation and the Settlement contained therein, the Plan of Allocation, or further orders of the Court.  All Class Members who fail to complete and file a valid and timely Proof of Claim shall be barred from participating in distributions from the Net Settlement Fund (unless otherwise ordered

1  by the Court), but otherwise shall be bound by all of the terms of the Stipulation,

2  including the terms of any judgment entered and the releases given.

3  **XIV.  PARTICIPATION IN THE SETTLEMENT**

4  **TO PARTICIPATE IN THE DISTRIBUTION OF THE NET**

5  **SETTLEMENT FUND, YOU MUST TIMELY SUBMIT A PROOF OF CLAIM.**

6  A Proof of Claim is enclosed with this Notice or it may be downloaded at

7  www.bridgepointsecuritieslitigation.com.  Read the instructions carefully, fill out the

8  Proof of Claim, include all the documents the form asks for, sign it, and mail or

9  submit it online so that it is postmarked or received no later than _____, 2016.  The

10  claim form may be submitted online at www.bridgepointsecuritieslitigation.com.

11  Unless the Court orders otherwise, if you do not timely submit a valid Proof of Claim,

12  you will be barred from receiving any payments from the Net Settlement Fund, but

13  will in all other respects be bound by the provisions of the Stipulation and the

14  Judgment.

15  **XV.  EXCLUSION FROM THE CLASS**

16  You may request to be excluded from the Class.  To do so, you must mail a

17  written request stating that you wish to be excluded from the Class to:

18  *Bridgepoint Litigation*
Claims Administrator
19  c/o Gilardi & Co. LLC
P.O. Box 8040
20  San Rafael. CA 94912-8040

21  The request for exclusion must state: (1) your name and address; and (2) all

22  purchases and sales of Bridgepoint Education common stock made between May 3,

23  2011 and July 13, 2012, inclusive, including the dates and prices of each purchase or

24  sale, and the amount of shares purchased or sold.  YOUR EXCLUSION REQUEST

25  MUST BE POSTMARKED ON OR BEFORE _____, 2016.  If you

26  submit a valid and timely request for exclusion, you shall have no rights under the

27  Settlement, shall not share in the distribution of the Net Settlement Fund, and shall not

28  be bound by the Stipulation and Agreement of Settlement or the Judgment.

**EXHIBIT A-1, PAGE 29**

## XVI.  DISMISSAL AND RELEASES

If the proposed Settlement is approved, the Court will enter a Final Judgment and Order of Dismissal with Prejudice (the "Judgment").  In addition, upon the Effective Date, Lead Plaintiffs and each of the Class Members, for themselves and for any other Person claiming (now or in the future) through or on behalf of them, and regardless of whether any such plaintiff or Class Member ever seeks or obtains by any means, including, without limitation, by submitting a Proof of Claim, any distribution from the Settlement Fund, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Claims against the Released Persons, and shall be permanently barred and enjoined from instituting, commencing, or prosecuting any such Released Claim against the Released Persons except to enforce the releases and other terms and conditions contained in the Stipulation or the Judgment entered pursuant thereto.

## XVII. APPLICATION FOR FEES AND EXPENSES

At the Settlement Hearing, Lead Counsel will request the Court to award attorneys' fees of 25% of the Settlement Amount, plus expenses not to exceed $600,000.00, plus interest thereon.  In addition, the Lead Plaintiffs may each seek up to $20,000.00 in expenses (including lost wages) they incurred in representing the Class.  Such sums as may be approved by the Court will be paid from the Settlement Fund.  Class Members are not personally liable for any such fees or expenses.

To date, Lead Counsel have not received any payment for their services in conducting this Action on behalf of the Lead Plaintiffs and the Class, nor have counsel been paid their expenses.  The fee requested by Lead Counsel will compensate counsel for their efforts in achieving the Settlement for the benefit of the Class, and for their risk in undertaking this representation on a wholly contingent basis.  Lead Counsel believe that the fee requested is well within the range of fees awarded to plaintiffs' counsel under similar circumstances in other litigation of this type.  The fee to be requested has been approved by the Lead Plaintiffs.

**EXHIBIT A-1, PAGE 30**

1   **XVIII.      CONDITIONS FOR SETTLEMENT**

2          The Settlement is conditioned upon the occurrence of certain events described

3   in the Stipulation.   Those events include, among other things: (1) entry of the

4   Judgment by the Court, as provided for in the Stipulation; and (2) expiration of the

5   time to appeal from the Judgment or to move to alter or amend the Judgment, or the

6   determination of any such appeal or motion in a manner to permit the consummation

7   of the Settlement substantially as provided for in the Stipulation.  If, for any reason,

8   any one of the conditions described in the Stipulation is not met, the Stipulation might

9   be terminated and, if terminated, will become null and void, and the parties to the

10  Stipulation will be restored to their respective positions as of September 3, 2015.  In

11  that event, the Settlement will not proceed and no payments will be made to Class

12  Members.

13  **XIX.  THE RIGHT TO BE HEARD AT THE HEARING**

14         Any Class Member who objects to any aspect of the Settlement, the Plan of

15  Allocation, or the application for attorneys' fees and expenses, may appear and be

16  heard at the Settlement Hearing.  However, any such Person must submit a written

17  notice of objection, such that it is ***received*** on or before _____, 2016, by each of the

18  following:

19              ***To the Court:***

20              CLERK OF THE COURT
                UNITED STATES DISTRICT COURT
21              SOUTHERN DISTRICT OF CALIFORNIA
                333 West Broadway, Suite 420
22              San Diego, CA  92101

23              ***To Lead Counsel:***

24              ROBBINS GELLER RUDMAN
                 & DOWD LLP
25              JONAH H. GOLDSTEIN
                655 West Broadway, Suite 1900
26              San Diego, CA  92101

27

28

1078671_2                        - 22 -                        3:12-cv-01737-JM-JLB

*To Counsel for Defendants:*

WILSON SONSINI GOODRICH
   & ROSATI
Professional Corporation
NINA F. LOCKER
650 Page Mill Road
Palo Alto, CA  94304

The notice of objection must demonstrate the objecting Person's membership in the Class, including the number of shares of Bridgepoint common stock purchased and sold during the Class Period and contain a statement of the reasons for objection. Only members of the Class who have submitted written notices of objection in this manner will be entitled to be heard at the Settlement Hearing, unless the Court orders otherwise.

## XX.   SPECIAL NOTICE TO BANKS, BROKERS, AND OTHER NOMINEES

Nominees who purchased the common stock of Bridgepoint for the beneficial interest of other Persons during the Class Period shall, within ten (10) calendar days after receipt of this Notice: (1) provide the Claims Administrator with the names and addresses of such beneficial owners; or (2) forward a copy of this Notice and the Proof of Claim by First-Class Mail to each such beneficial owner and, provide Lead Counsel with written confirmation that the Notice and Proof of Claim have been so forwarded.   Upon submission of appropriate documentation, Lead Counsel will reimburse your reasonable costs and expenses of complying with this provision. Additional copies of this Notice may be obtained from the Claims Administrator by writing to:

*Bridgepoint Litigation*
Claims Administrator
c/o Gilardi & Co. LLC
P.O. Box 8040
San Rafael, CA  94912-8040

**EXHIBIT A-1, PAGE 32**

1  **XXI.  EXAMINATION OF PAPERS**

2        This Notice contains only a summary of the terms of the proposed Settlement

3  and does not describe all of the details of the Stipulation.  For a more detailed

4  statement of the matters involved in the Action, reference is made to the pleadings, to

5  the Stipulation, and to other papers filed in the Action, which may be inspected at the

6  office of the Clerk of the Court, United States District Court for the Southern District

7  of California, 333 West Broadway, Suite 420, San Diego, CA 92101.  In addition,

8  certain settlement related documents, including the Stipulation of Settlement, may be

9  viewed at www.bridgepointsecuritieslitigation.com.

10        If you have any questions about the settlement of the Action, you may contact

11  Lead Counsel by writing to:

12          ROBBINS GELLER RUDMAN & DOWD LLP
        JONAH H. GOLDSTEIN
13          655 West Broadway, Suite 1900
        San Diego, CA  92101

14

15       **DO NOT TELEPHONE THE COURT REGARDING THIS NOTICE**.

16  DATED:          . 2015      BY ORDER OF THE COURT
                      UNITED STATES DISTRICT COURT
17                        SOUTHERN DISTRICT OF
                      CALIFORNIA

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT A-2

1

2

3

4

5

6

7

8

9 UNITED STATES DISTRICT COURT

10 SOUTHERN DISTRICT OF CALIFORNIA

11 In re BRIDGEPOINT EDUCATION, ) No. 3:12-cv-01737-JM-JLB
INC. SECURITIES LITIGATION )

12 _____ ) CLASS ACTION
 )
13 This Document Relates To: ) PROOF OF CLAIM AND RELEASE
 )
14     ALL ACTIONS. ) EXHIBIT A-2
_____ )

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**EXHIBIT A-2, PAGE 34**

1078748_1

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**I.    GENERAL INSTRUCTIONS**

1.    To recover as a Class Member based on your claims in the action entitled *In re Bridgepoint Education, Inc. Securities Litigation*, No. 3:12-cv-01737-JM-JLB (the "Action"), you must complete and, on page ___ hereof, sign this Proof of Claim and Release form.  If you fail to submit a timely and properly addressed (as set forth in paragraph 3 below) Proof of Claim and Release form, your claim may be rejected and you may not receive any recovery from the Net Settlement Fund created in connection with the proposed settlement.

2.    Submission of this Proof of Claim and Release form, however, does not assure that you will share in the proceeds of the settlement of the Action.

3.    YOU MUST MAIL (POSTMARKED ON OR BEFORE _____, 2016) OR SUBMIT ONLINE (ON OR BEFORE _____, 2016) YOUR COMPLETED AND SIGNED PROOF OF CLAIM AND RELEASE FORM, ACCOMPANIED BY COPIES OF THE DOCUMENTS REQUESTED HEREIN, ADDRESSED AS FOLLOWS:

> *Bridgepoint Litigation*
> Claims Administrator
> c/o Gilardi & Co. LLC
> P.O. Box 8040
> San Rafael, CA  94912-8040
> Online Submissions: www.bridgepointsecuritieslitigation.com

If you are NOT a Class Member, as defined in the Notice of Pendency and Proposed Settlement of Class Action ("Notice"), DO NOT submit a Proof of Claim and Release form.

4.    If you are a Class Member and you did not timely request exclusion in response to the Notice, you are bound by the terms of any judgment entered in the Action, including the releases provided therein, WHETHER OR NOT YOU SUBMIT A PROOF OF CLAIM AND RELEASE FORM.

## II.     CLAIMANT IDENTIFICATION

If you purchased Bridgepoint common stock and held the certificate(s) in your name, you are the beneficial purchaser as well as the record purchaser.  If, however, you purchased Bridgepoint common stock and the certificate(s) were registered in the name of a third party, such as a nominee or brokerage firm, you are the beneficial purchaser and the third party is the record purchaser.

Use Part I of this form entitled "Claimant Identification" to identify each purchaser of record ("nominee"), if different from the beneficial purchaser of the Bridgepoint common stock that form the basis of this claim.  THIS CLAIM MUST BE FILED BY THE ACTUAL BENEFICIAL PURCHASER(S) OR THE LEGAL REPRESENTATIVE OF SUCH PURCHASER(S) OF THE BRIDGEPOINT COMMON STOCK UPON WHICH THIS CLAIM IS BASED.

All joint purchasers must sign this claim.  Executors, administrators, guardians, conservators, and trustees must complete and sign this claim on behalf of persons represented by them and their authority must accompany this claim and their titles or capacities must be stated.  The Social Security (or taxpayer identification) number and telephone number of the beneficial owner may be used in verifying the claim.  Failure to provide the foregoing information could delay verification of your claim or result in rejection of the claim.

## III.    CLAIM FORM

Use Part II of this form entitled "Schedule of Transactions in Bridgepoint Common Stock" to supply all required details of your transaction(s) in Bridgepoint common stock.  If you need more space or additional schedules, attach separate sheets giving all of the required information in substantially the same form. Sign and print or type your name on each additional sheet.

On the schedules, provide all of the requested information with respect to *all* of your purchases and *all* of your sales of Bridgepoint common stock which took place during the period May 3, 2011 through and including October 10, 2012, whether such

**EXHIBIT A-2, PAGE 36**

1  transactions resulted in a profit or a loss.  You must also provide all of the requested

2  information with respect to **all** of the Bridgepoint common stock you held at the close

3  of trading on May 2, 2011, July 13, 2012, and October 10, 2012.  Failure to report all

4  such transactions may result in the rejection of your claim.

5  List each transaction separately and in chronological order, by trade date,

6  beginning with the earliest.  You must accurately provide the month, day, and year of

7  each transaction you list.

8  The date of covering a "short sale" is deemed to be the date of purchase of

9  Bridgepoint common stock.  The date of a "short sale" is deemed to be the date of sale

10  of Bridgepoint common stock.

11  Copies of broker confirmations or other documentation of your transactions in

12  Bridgepoint common stock should be attached to your claim.  Failure to provide this

13  documentation could delay verification of your claim or result in rejection of your

14  claim.

15  NOTICE REGARDING ELECTRONIC FILES: Certain claimants with large

16  numbers of transactions may request to, or may be requested to, submit information

17  regarding their transactions in electronic files.  All claimants MUST submit a

18  manually signed paper Proof of Claim and Release form whether or not they also

19  submit electronic copies.  If you have a large number of transactions and wish to file

20  your claim electronically, you must contact the Claims Administrator at 1-844-656-

21  0352 to obtain the required file layout.  No electronic files will be considered to have

22  been properly submitted unless the Claims Administrator issues to the claimant a

23  written acknowledgment of receipt and acceptance of electronically submitted data.

24

25

26

27

28

1    UNITED STATES DISTRICT COURT

2    SOUTHERN DISTRICT OF CALIFORNIA

3    *In re Bridgepoint Education, Inc. Securities Litigation*

4    No. 3:12-cv-01737-JM-JLB

5    PROOF OF CLAIM AND RELEASE

6    **Must Be Postmarked (if Mailed) or Received (if Filed Electronically) No Later**

7    **Than:**

8    **_____, 2016**

9    Please Type or Print

10   PART I:    CLAIMANT IDENTIFICATION

11   _____

12   Beneficial Owner's Name (First, Middle, Last)

13   _____

14   Street Address

15   _____    _____

16   City                                            State or Province

17   _____    _____

18   Zip Code or Postal Code          Country

19   _____    _____    Individual
                                                          Corporation/Other
20   Social Security Number or
     Taxpayer Identification Number

21   _____    _____

22   Area Code          Telephone Number (work)

23   _____    _____

24   Area Code          Telephone Number (home)

25   _____

26   Record Owner's Name (if different from beneficial owner listed above)

27

28

**EXHIBIT A-2, PAGE 38**

1078748_1

- 4 -                                          3:12-cv-01737-JM-JLB

PART II:     SCHEDULE OF TRANSACTIONS IN BRIDGEPOINT COMMON STOCK

A.     Number of shares of Bridgepoint common stock held at the close of trading on May 2, 2011: _____

B.     Purchases of Bridgepoint common stock (May 3, 2011 – October 10, 2012, inclusive):

| Trade Date Month Day Year | Number of Shares Purchased | Total Purchase Price |
|---|---|---|
| 1._____ | 1._____ | 1._____ |
| 2._____ | 2._____ | 2._____ |
| 3._____ | 3._____ | 3._____ |

**IMPORTANT:** If any purchase listed covered a "short sale," please mark Yes: ☐ Yes

C.     Sales of Bridgepoint common stock (May 3, 2011 – October 10, 2012, inclusive):

| Trade Date Month Day Year | Number of Shares Sold | Total Sales Price |
|---|---|---|
| 1._____ | 1._____ | 1._____ |
| 2._____ | 2._____ | 2._____ |
| 3._____ | 3._____ | 3._____ |

D.     Number of shares of Bridgepoint common stock held at the close of trading on July 13, 2012: _____

E.     Number of shares of Bridgepoint common stock held at the close of trading on October 10, 2012: _____

If you require additional space, attach extra schedules in the same format as above.  Sign and print your name on each additional page.

**YOU MUST READ AND SIGN THE RELEASE ON PAGE __. FAILURE TO SIGN THE RELEASE MAY RESULT IN A DELAY IN PROCESSING OR THE REJECTION OF YOUR CLAIM.**

**IV.   SUBMISSION TO JURISDICTION OF COURT AND ACKNOWLEDGMENTS**

I (We) submit this Proof of Claim and Release under the terms of the Stipulation and Agreement of Settlement described in the Notice.  I (We) also submit to the jurisdiction of the United States District Court for the Southern District of California, with respect to my (our) claim as a Class Member and for purposes of enforcing the release set forth herein.  I (We) further acknowledge that I am (we are) bound by and subject to the terms of any judgment that may be entered in the Action. I (We) agree to furnish additional information to the Claims Administrator to support this claim (including transactions in other Bridgepoint securities) if requested to do so. I (We) have not submitted any other claim covering the same purchases or sales of Bridgepoint common stock during the Class Period and know of no other person having done so on my (our) behalf.

**V.   RELEASE**

1.   I (We) hereby acknowledge full and complete satisfaction of, and do hereby fully, finally, and forever settle, release, and discharge from the Released Claims each and all of the "Released Persons," defined as each and all of the Defendants and each and all of their Related Persons.  "Related Persons" means each of a Defendant's past or present directors, officers, employees, partners, insurers, co-insurers, reinsurers, principals, controlling shareholders, attorneys, accountants, auditors, investment advisors, personal or legal representatives, predecessors, successors, parents, subsidiaries, divisions, joint ventures, assigns, spouses, heirs, estates, related or affiliated entities, any entity in which a Defendant has a controlling interest, any members of an Individual Defendant's immediate family, any trust of which an Individual Defendant is the settlor or which is for the benefit of an Individual Defendant and/or any member of an Individual Defendant's immediate family, and any entity in which a Defendant and/or any member of an Individual

**EXHIBIT A-2, PAGE 40**

- 6 -

3:12-cv-01737-JM-JLB

1078748_1

1    Defendant's immediate family has or have a controlling interest (directly or

2    indirectly).

3           2.      "Released Claims" means any and all claims, demands, rights, causes of

4    action or liabilities of every nature and description whatsoever (including, but not

5    limited to, any claims for damages, interest, attorneys' fees, expert or consulting fees,

6    and any other costs, expenses or liabilities whatsoever), whether based on federal,

7    state, local, foreign, statutory or common law or any other law, rule, ordinance,

8    administrative provision or regulation, including Unknown Claims as defined below,

9    whether class or individual in nature, whether fixed or contingent, accrued or

10   unaccrued, liquidated or unliquidated, at law or in equity, matured or unmatured,

11   concealed or hidden, suspected or unsuspected, which now exist or heretofore have

12   existed, that were asserted or could have been asserted by Lead Plaintiffs or any Class

13   Member against the Released Persons based on, arising from or relating to both:

14   (i) the purchase of Bridgepoint common stock during the Class Period; and (ii) the

15   allegations, transactions, facts, matters, events, disclosures, registration statements,

16   public filings, acts, occurrences, representations, statements, omissions or failures to

17   act that occurred during the Class Period and that were or could have been alleged by

18   Lead Plaintiffs in the Action against the Released Persons.  Released Claims does not

19   include claims to enforce the Settlement or any derivative actions.

20          3.      "Unknown Claims" means collectively any Released Claims which Lead

21   Plaintiffs or any Class Member do not know or suspect to exist in his, her or its favor

22   at the time of the release of the Released Persons which, if known by him, her or it,

23   might have affected his, her or its settlement with and release of the Released Persons,

24   or might have affected his, her or its decision not to object to this Settlement or seek

25   exclusion from the Class.  With respect to any and all Released Claims, the Settling

26   Parties stipulate and agree that, upon the Effective Date, Lead Plaintiffs shall

27   expressly waive and each of the Class Members shall be deemed to have, and by

28

**EXHIBIT A-2, PAGE 41**

operation of the Judgment shall have, expressly waived the provisions, rights, and benefits of California Civil Code §1542, which provides:

> **A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor**.

Lead Plaintiffs shall expressly waive and each of the Class Members shall be deemed to have, and by operation of the Judgment shall have, expressly waived any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States or any foreign country, or any principle of common law, which is similar, comparable or equivalent in substance to California Civil Code §1542. Lead Plaintiffs and Class Members may hereafter discover facts in addition to or different from those which he, she or it now knows or believes to be true with respect to the subject matter of the Released Claims, but upon the Effective Date, each Class Member, and Lead Plaintiffs expressly, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever settled and released any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts. Lead Plaintiffs acknowledge, and the Class Members shall be deemed by operation of the Judgment to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement of which this release is a part.

4. This release shall be of no force or effect unless and until the Court approves the Stipulation and Agreement of Settlement and the Stipulation becomes effective on the Effective Date (as defined in the Stipulation).

5.      I (We) hereby warrant and represent that I (we) have not assigned or transferred or purported to assign or transfer, voluntarily or involuntarily, any matter released pursuant to this release or any other part or portion thereof.

6.      I (We) hereby warrant and represent that I (we) have included the information requested about all of my (our) transactions in Bridgepoint common stock which are the subject of this claim, which occurred during the Class Period as well as the opening and closing positions in such securities held by me (us) on the dates requested in this claim form.

7.      I (We) hereby warrant and represent that I am (we are) not excluded from the Class, as defined in the Notice of Pendency and Proposed Settlement of Class Action.

I declare under penalty of perjury under the laws of the United States of America that all of the foregoing information supplied on this Proof of Claim and Release form by the undersigned is true and correct.

Executed this _____ day of _____
                                                              (Month/Year)

in _____
        (City)                              (State/Country)


        _____
        (Sign your name here)

        _____
        (Type or print your name here)

        _____
        (Capacity of person(s) signing,
        *e.g.*, Beneficial Purchaser, Executor
        or Administrator)

**EXHIBIT A-2, PAGE 43**

**ACCURATE CLAIMS PROCESSING TAKES A SIGNIFICANT AMOUNT OF TIME.**
**THANK YOU FOR YOUR PATIENCE.**

Reminder Checklist:

1. Please sign the above release and declaration.

2. If this Claim is being made on behalf of Joint Claimants, then both must sign.

3. Remember to attach copies of supporting documentation, if available.

4. **Do not send** originals of certificates.

5. Keep a copy of your claim form and all supporting documentation for your records.

6. If you desire an acknowledgment of receipt of your claim form, please send it Certified Mail, Return Receipt Requested.

7. If you move, please send your new address to the address below.

8. **Do not use red pen or highlighter** on the Proof of Claim and Release form or supporting documentation.

**THIS PROOF OF CLAIM AND RELEASE MUST BE SUBMITTED ONLINE OR, IF MAILED, POSTMARKED NO LATER THAN _____, 2016, ADDRESSED AS FOLLOWS:**

*Bridgepoint Litigation*
Claims Administrator
c/o Gilardi & Co. LLC
P.O. Box 8040
San Rafael, CA  94912-8040
www.bridgepointsecuritieslitigation.com

**EXHIBIT A-2, PAGE 44**

# EXHIBIT A-3

1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| In re BRIDGEPOINT EDUCATION, INC. SECURITIES LITIGATION | ) ) ) | No. 3:12-cv-01737-JM-JLB |
| | ) | CLASS ACTION |
| This Document Relates To: | ) ) | SUMMARY NOTICE |
| ALL ACTIONS. | ) ) ) | EXHIBIT A-3 |

15
16
17
18
19
20
21
22
23
24
25
26
27
28

**EXHIBIT A-3, PAGE 45**

TO:   ALL PERSONS WHO PURCHASED THE COMMON STOCK OF BRIDGEPOINT EDUCATION, INC. ("BRIDGEPOINT") BETWEEN MAY 3, 2011 AND JULY 13, 2012, INCLUSIVE

YOU ARE HEREBY NOTIFIED, pursuant to an Order of the United States District Court for the Southern District of California, that a hearing will be held on _____, 2016, at _____.m., before the Honorable Jeffrey T. Miller, United States District Judge, at the United States District Court for the Southern District of California, 221 West Broadway, Courtroom 5D, San Diego, California 92101, for the purpose of determining: (1) whether the proposed settlement of the claims in the Action for the principal amount of $15,500,000.00, plus interest, should be approved by the Court as fair, just, reasonable, and adequate; (2) whether a Final Judgment and Order of Dismissal with Prejudice should be entered by the Court dismissing the Action with prejudice; (3) whether the Plan of Allocation is fair, reasonable, and adequate and should be approved; and (4) whether the application of Lead Counsel for the payment of attorneys' fees and expenses and Lead Plaintiffs' expenses in connection with this Action should be approved.

IF YOU PURCHASED THE COMMON STOCK OF BRIDGEPOINT BETWEEN MAY 3, 2011 AND JULY 13, 2012, INCLUSIVE, YOUR RIGHTS MAY BE AFFECTED BY THE SETTLEMENT OF THIS LITIGATION.  If you have not received a detailed Notice of Pendency and Proposed Settlement of Class Action ("Notice") and a copy of the Proof of Claim and Release form, you may obtain copies by writing to *Bridgepoint Litigation*, Claims Administrator, c/o Gilardi & Co. LLC, P.O. Box 8040, San Rafael, CA 94912-8040, or on the internet at www.bridgepointsecuritieslitigation.com.  If you are a Class Member, in order to share in the distribution of the Net Settlement Fund, you must submit a Proof of Claim and Release by mail (***postmarked no later than_____, 2016***) or submitted electronically ***no later than_____, 2016***, establishing that you are entitled to recovery.

1    If you are a Class Member and you desire to be excluded from the Class, you

2  must submit a request for exclusion such that it is ***postmarked no later than***

3  _____, *2016*, in the manner and form explained in the detailed Notice,

4  referred to above.  All Class Members who do not timely and validly request

5  exclusion from the Class in response to the Notice will be bound by any judgment

6  entered in the Action pursuant to the Stipulation.

7    Any objection to the Settlement, the Plan of Allocation, or the fee and expense

8  application must be mailed to each of the following recipients, such that it is ***received***

9  ***no later than*** _____, *2016*:

10    CLERK OF THE COURT
      UNITED STATES DISTRICT COURT
11    SOUTHERN DISTRICT OF CALIFORNIA
      333 West Broadway, Suite 420
12    San Diego, CA  92101

13    *Lead Counsel:*

14    ROBBINS GELLER RUDMAN
       & DOWD LLP
15    JONAH H. GOLDSTEIN
      655 West Broadway, Suite 1900
16    San Diego, CA  92101

17    *Counsel for Certain Defendants:*

18    WILSON SONSINI GOODRICH
       & ROSATI
19    Professional Corporation
      NINA F. LOCKER
20    650 Page Mill Road
      Palo Alto, CA  94304

21
22    **PLEASE DO NOT CONTACT THE COURT OR THE CLERK'S**

23    **OFFICE REGARDING THIS NOTICE.**  If you have any questions about the

      Settlement, you may contact Lead Counsel at the address listed above.
24

25  DATED: _____, 2015       BY ORDER OF THE COURT
                                    UNITED STATES DISTRICT COURT
26                                  SOUTHERN DISTRICT OF CALIFORNIA

27

28

**EXHIBIT A-3, PAGE 47**

# EXHIBIT B

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re BRIDGEPOINT EDUCATION, INC. SECURITIES LITIGATION | ) ) ) |
| | ) |
| This Document Relates To: | ) ) |
| ALL ACTIONS. | ) ) ) |

No. 3:12-cv-01737-JM-JLB

CLASS ACTION

FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE

EXHIBIT B

**EXHIBIT B, PAGE 48**

1    This matter came before the Court pursuant to the Order Preliminarily
2  Approving Settlement and Providing for Notice ("Order") dated _____, 2015,
3  on the application of the parties for approval of the Settlement set forth in the
4  Stipulation and Agreement of Settlement dated October 30, 2015 (the "Stipulation").
5  Due and adequate notice having been given to the Class as required in said Order, and
6  the Court having considered all papers filed and proceedings had herein and otherwise
7  being fully informed in the premises and good cause appearing therefore, IT IS
8  HEREBY ORDERED, ADJUDGED, AND DECREED that:

9    1.    This Judgment incorporates by reference the definitions in the
10  Stipulation, and all terms used herein shall have the same meanings as set forth in the
11  Stipulation, unless otherwise set forth herein.

12    2.    This Court has jurisdiction over the subject matter of the Action and over
13  all parties to the Action, including all members of the Class.

14    3.    Pursuant to Federal Rule of Civil Procedure 23, the Court hereby
15  approves the Settlement set forth in the Stipulation and finds that:

16        (a)    said Stipulation and the Settlement contained therein, are, in all
17  respects, fair, reasonable, and adequate and in the best interest of the Class;

18        (b)    there was no collusion in connection with the Stipulation;

19        (c)    the Stipulation was the product of informed, arm's-length
20  negotiations among competent, able counsel; and

21        (d)    the record is sufficiently developed and complete to have enabled
22  the Lead Plaintiffs and the Defendants to have adequately evaluated and considered
23  their positions.

24    4.    Accordingly, the Court authorizes and directs implementation and
25  performance of all the terms and provisions of the Stipulation, as well as the terms and
26  provisions hereof.  Except as to any individual claim of those Persons (identified in
27  Exhibit 1 attached hereto) who have validly and timely requested exclusion from the
28  Class, the Court hereby dismisses the Action and all Released Claims of the Class

**EXHIBIT B, PAGE 49**

1    with prejudice.  The Settling Parties are to bear their own costs, except as and to the

2    extent provided in the Stipulation and herein.

3        5.    Upon the Effective Date, and as provided in the Stipulation, Lead

4    Plaintiffs shall, and each of the Class Members shall be deemed to have, and by

5    operation of this Judgment shall have, fully, finally, and forever released,

6    relinquished, and discharged against the Released Persons (whether or not such Class

7    Member executes and delivers the Proof of Claim and Release form) any and all

8    Released Claims (including, without limitation, Unknown Claims).  Claims to enforce

9    the terms of the Stipulation are not released.  The Settling Parties acknowledge and

10   the Class Members shall be deemed by operation of law to acknowledge that the

11   waiver of Unknown Claims, and of the provisions, rights and benefits of Section 1542

12   of the California Civil Code, was bargained for and is a key element of the Settlement

13   of which the release in this paragraph is a part.

14       6.    Upon the Effective Date, and as provided in the Stipulation, Lead

15   Plaintiffs and each of the Class Members and anyone claiming through or on behalf of

16   them, shall be permanently barred and enjoined from the commencement, assertion,

17   institution, maintenance, prosecution, or enforcement against any Released Person of

18   any action or other proceeding in any court of law or equity, arbitration tribunal,

19   administrative forum, or forum of any kind, asserting any of the Released Claims.

20       7.    Upon the Effective Date, and as provided in the Stipulation, each of the

21   Released Persons shall be deemed to have, and by operation of this Judgment shall

22   have, fully, finally, and forever released, relinquished, and discharged Lead Plaintiffs,

23   each and all of the Class Members, and Plaintiffs' Counsel from all claims (including,

24   without limitation, Unknown Claims) arising out of, relating to, or in connection with,

25   the institution, prosecution, settlement, or resolution of the Action or the Released

26   Claims, except for claims relating to the enforcement of the Settlement.

27       8.    The Notice of Pendency and Proposed Settlement of Class Action given

28   to the Class was the best notice practicable under the circumstances, including the

**EXHIBIT B, PAGE 50**

1  individual notice to all members of the Class who could be identified through

2  reasonable effort.   Said notice provided the best notice practicable under the

3  circumstances of those proceedings and of the matters set forth therein, including the

4  proposed Settlement set forth in the Stipulation, to all Persons entitled to such notice,

5  and said notice fully satisfied the requirements of Federal Rule of Civil Procedure 23

6  the requirements of due process, and any other applicable law, including the Private

7  Securities Litigation Reform Act of 1995.

8          9.       Any Plan of Allocation submitted by Lead Counsel or any order entered

9  regarding any attorneys' fee and expense application shall in no way disturb or affect

10  this Final Judgment and shall be considered separate from this Final Judgment.

11          10.      Neither the Stipulation nor the Settlement contained therein, nor any

12  negotiations, discussions, proceedings or act performed or document executed

13  pursuant to or in furtherance of the Stipulation or the Settlement: (a) is or may be

14  deemed to be or may be used as an admission of, or evidence of, the validity of any

15  Released Claims, or of any wrongdoing or liability of Defendants; or (b) is or may be

16  deemed to be or may be used as an admission of, or evidence of, any fault or omission

17  of any of Defendants in any civil, criminal or administrative proceeding in any court,

18  administrative agency or other tribunal.  The Released Persons, Lead Plaintiffs, Class

19  Members, and Plaintiffs' Counsel may file the Stipulation and/or this Judgment in any

20  action that may be brought against them in order to support a defense or counterclaim

21  based on principles of *res judicata*, collateral estoppel, release, good faith settlement,

22  judgment bar or reduction or any other theory of claim preclusion or issue preclusion

23  or similar defense or counterclaim, or in connection with any proceeding to enforce

24  the terms of the Stipulation.

25          11.      Without affecting the finality of this Judgment in any way, this Court

26  hereby retains continuing jurisdiction over: (a) implementation of this Settlement and

27  any award or distribution of the Settlement Fund, including interest earned thereon;

28  (b) disposition of the Settlement Fund; (c) hearing and determining applications for

**EXHIBIT B, PAGE 51**

1   attorneys' fees, expenses, and interest in the Action; and (d) all parties herein for the

2   purpose of construing, enforcing, and administering the Stipulation.

3        12.    The Court finds that during the course of the Action, the Settling Parties

4   and their respective counsel at all times complied with the requirements of Federal

5   Rule of Civil Procedure 11.

6        13.    In the event that the Settlement does not become effective in accordance

7   with the terms of the Stipulation, or the Effective Date does not occur, or in the event

8   that the Settlement Fund, or any portion thereof, is returned to the Defendants'

9   insurers, then this Judgment shall be rendered null and void to the extent provided by

10  and in accordance with the Stipulation and shall be vacated and, in such event, all

11  orders entered and releases delivered in connection herewith shall be null and void to

12  the extent provided by and in accordance with the Stipulation.

13       14.    Without further order of the Court, the Settling Parties may agree to

14  reasonable extensions of time to carry out any of the provisions of the Stipulation.

15       15.    The Court directs immediate entry of this Judgment by the Clerk of the

16  Court.

17       IT IS SO ORDERED.

18  DATED: _____    _____

19                        THE HONORABLE JEFFREY T. MILLER
                            UNITED STATES DISTRICT JUDGE

20

21

22

23

24

25

26

27

28

**EXHIBIT B, PAGE 52**

- 4 -            3:12-cv-01737-JM-JLB

1

<u>CERTIFICATE OF SERVICE</u>

2    I hereby certify that on October 30, 2015, I authorized the electronic filing of

3    the foregoing with the Clerk of the Court using the CM/ECF system which will send

4    notification of such filing to the e-mail addresses denoted on the attached Electronic

5    Mail Notice List, and I hereby certify that I caused to be mailed the foregoing

6    document or paper via the United States Postal Service to the non-CM/ECF

7    participants indicated on the attached Manual Notice List.

8    I certify under penalty of perjury under the laws of the United States of America

9    that the foregoing is true and correct.  Executed on October 30, 2015.

10                                   s/ Laurie L. Largent
                                     LAURIE L. LARGENT

11
                                     ROBBINS GELLER RUDMAN
12                                     & DOWD LLP
                                     655 West Broadway, Suite 1900
13                                   San Diego, CA  92101-8498
                                     Telephone:  619/231-1058
14                                   619/231-7423 (fax)

15                                   E-mail:  llargent@rgrdlaw.com

16

17

18

19

20

21

22

23

24

25

26

27

28

1080712_1

3:12-cv-01737-JM-JLB

**Mailing Information for a Case 3:12-cv-01737-JM-JLB Franke v. Bridgepoint Education, Inc. et al**

**Electronic Mail Notice List**

The following are those who are currently on the list to receive e-mail notices for this case.

- **Austin P. Brane**
  ABrane@rgrdlaw.com,e_File_SD@rgrdlaw.com

- **Francis Anthony DiGiacco**
  Diana.Ortiz@usdoj.gov

- **Lionel Z Glancy**
  info@glancylaw.com,lboyarsky@glancylaw.com

- **Jonah H. Goldstein**
  JonahG@rgrdlaw.com,lmix@rgrdlaw.com,e_File_SD@rgrdlaw.com

- **Richard M Heimann**
  rheimann@lchb.com,slee@lchb.com

- **Frank J. Johnson , Jr**
  frankj@johnsonandweaver.com,paralegal@johnsonandweaver.com,shelbyr@johnsonandweaver.com,ceciliar@johnsonandweaver.com

- **Laurie Largent**
  llargent@rgrdlaw.com,jillk@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Jeremy A. Lieberman**
  jalieberman@pomlaw.com,disaacson@pomlaw.com,lpvega@pomlaw.com,jkehoe@pomlaw.com

- **Nina F Locker**
  nlocker@wsgr.com,lkoontz@wsgr.com

- **Edmundo Clay Marquez**
  ecmarquez@wsgr.com,fgarcia@wsgr.com

- **Danielle Suzanne Myers**
  dmyers@rgrdlaw.com,e_File_sd@rgrdlaw.com

- **Joni L. Ostler**
  jostler@wsgr.com,pbaird@wsgr.com,eblackey@wsgr.com,dgavril@wsgr.com

- **Ignacio E. Salceda**
  isalceda@wsgr.com,bbahns@wsgr.com

- **David C Walton**
  davew@rgrdlaw.com,hstmartin@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Jeff S Westerman**
  jwesterman@jswlegal.com

- **Regis C Worley , Jr**
  rworley@rgrdlaw.com,e_file_sd@rgrdlaw.com

**Manual Notice List**

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)